**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 11 1997**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AEROTECH, INC., INDUSTRIAL
SOLID PROPULSION, INC.,

      Plaintiffs - Appellees,

    v.

VERNON ESTES,

      Defendant - Appellant,

    and

HOBBY PRODUCTS, INC., ESTES
INDUSTRIES; CENTURI CORP.,

      Defendants.

No. 95-1504

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D. Ct. No. 94-M-1572)**

---

Phillip S. Figa (Dana L. Eismeier, with him on the briefs), Burns, Figa & Will,
Englewood, Colorado, appearing for Defendant-Appellant.

John M. Aerni, New York, New York, (John S. Lutz, Otto K. Hilbert, II, and
Stephanie E. Dunn, LeBoeuf, Lamb, Greene & MacRae, Denver, Colorado, with
him on the brief), appearing for the Plaintiffs-Appellees.

---

Before TACHA, BALDOCK, and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Vernon Estes appeals an order of the district court denying him costs as a prevailing party under Federal Rule of Civil Procedure 54(d) and denying him attorneys' fees under Rule 11, Rule 41(a)(2), 28 U.S.C. § 1927, and the court's inherent authority. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

## BACKGROUND

On March 26, 1993, AeroTech Industries and Industrial Solid Propulsion, Inc. (collectively "AeroTech") filed suit in the United States District Court for the Southern District of New York. AeroTech named the following entities as defendants: (1) Estes Industries/High Flier Manufacturing Co. ("Estes Industries"), (2) TCW Capital, (3) Trust Company of the West, (4) Century Corp., and (5) Hobby Products, Inc. In its complaint, AeroTech alleged violations of the Sherman Act, 15 U.S.C. §§ 1-2, and interference with existing and prospective economic advantage. The trial judge dismissed TCW Capital and Trust Company of the West from the action for reasons unrelated to this appeal. The remaining parties filed a stipulation to transfer the case to the United States District Court for the District of Colorado.

2

On July 22, 1994, AeroTech filed an amended complaint in Colorado, alleging violations of the Sherman Act, 15 U.S.C. §§ 1-2, the Lanham Act, 15 U.S.C. § 1125(a), the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-105, and common law doctrines prohibiting product disparagement and injurious falsehood. AeroTech named Estes Industries, Centuri Corp., and Hobby Products as defendants in each count. In addition, AeroTech named Vernon Estes as a defendant in the Sherman Act and product disparagement claims.

On April 17, 1995, AeroTech sought leave to amend its complaint pursuant to Federal Rule of Civil Procedure 15. AeroTech requested the dismissal of its Sherman Act and product disparagement claims, eliminating Vernon Estes as a defendant.

On April 24, 1995, Vernon Estes filed a motion for attorneys' fees and costs as a condition of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). Alternatively, Vernon Estes requested that the court award attorneys' fees under its inherent authority because AeroTech had acted in bad faith and oppressively in bringing suit against him. Vernon Estes also requested attorneys' fees under 28 U.S.C. § 1927 in a joint response brief to AeroTech's motion to amend filed by all of the defendants on June 1, 1995.

On May 1, 1995, the magistrate held a hearing on the pending motions. The magistrate granted AeroTech's motion to amend but declined to rule on Vernon Estes' motion for costs and fees.

On June 8, 1995, AeroTech filed a "Notice of Conversion of Dismissal of Certain Claims Without Prejudice to Dismissal With Prejudice." In the "Notice," AeroTech argued that because of the decision to dismiss the claims with prejudice, the magistrate should deny Vernon Estes attorneys' fees and costs.

On October 13, 1995, the magistrate filed an order denying Vernon Estes' motion for costs and attorneys' fees. The magistrate treated the plaintiffs' request to amend their complaint under Rule 15 as a motion for voluntary dismissal governed by Rule 41(a)(2). The magistrate concluded that it would not condition a voluntary dismissal with prejudice under Rule 41(a)(2) on the payment of Estes's attorneys' fees. The magistrate also rejected Estes's motion for Rule 11 sanctions and request for relief under 28 U.S.C. § 1927.

The district court agreed with the analysis of the magistrate in denying Vernon Estes's motion for attorneys' fees and costs. The district court also declined to award costs to Vernon Estes as a prevailing party under 28 U.S.C. § 1920 and Rule 54(d). Vernon Estes now appeals the order of the district court denying him costs and attorneys' fees.

## DISCUSSION

**1.    COSTS UNDER RULE 54**

Rule 54(d) provides that "[e]xcept when express provision therefor is made in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. Pro. 54(d). Vernon Estes argues that the district court erred in refusing to award him costs as a "prevailing party" under Rule 54(d). We review a district court's denial of costs under Rule 54(d) for an abuse of discretion. Klein v. Grynberg, 44 F.3d 1497, 1506 (10th Cir.), cert. denied, 116 S. Ct. 58 (1995).

Vernon Estes relies primarily on Cantrell v. International Brotherhood of Elec. Workers, 69 F.3d 456 (10th Cir. 1995), our en banc opinion issued just one day before the district court entered its order denying Vernon Estes costs. In Cantrell, we addressed the scope of Rule 54, noting that it limits a district court's discretion to award costs in two ways. Id. at 458. First, Rule 54 creates a presumption that the district court will award costs to the prevailing party. Id. at 458-59. Second, a district court must provide a valid reason for not awarding costs to a prevailing party. Id. at 459.

We then discussed some of the circumstances in which a district court may properly deny costs to a prevailing party. Id. For example, a denial of costs does

not constitute an abuse of discretion when the prevailing party is only partially successful. Id. (citing Howell Petroleum Corp. v. Samson Resources Co., 903 F.2d 778, 783 (10th Cir. 1990)). We noted that other circuits have held that a district court may decline to award costs when the prevailing party acted in bad faith, the prevailing party received only nominal damages, the nonprevailing party was indigent, the issues were close and difficult, or the costs were unreasonably high or unnecessary. See id. (citations omitted). Because a denial of costs is a "severe penalty," there must be "some apparent reason to penalize the party if costs are to be denied." Klein, 44 F.3d at 1507 (reversing the district court's decision to deny costs because the litigation was "complex or lengthy" or because the plaintiffs did not prevail on all of their claims).

In this case, the district court declined to award costs to Vernon Estes because AeroTech "terminated this litigation as to this defendant early in the litigation" and because "the litigation was not initiated in bad faith or frivolously." AeroTech, Inc. v. Estes Indus., Civ. No. 94-M-1572, slip op. at 2 (D. Colo. Oct. 31, 1995). We hold that in relying on these grounds, the district court abused its discretion in refusing to award Vernon Estes costs under Rule 54(d).

The mere fact that AeroTech dismissed Vernon Estes early in the litigation is insufficient to warrant a denial of costs. Nothing in Rule 54(d) or our case law

6

suggests that we should penalize a party for prevailing early. Similarly, the district court's finding that AeroTech did not initiate its suit against Vernon Estes in bad faith is insufficient to permit the court to deny costs under Rule 54(d). "All parties to a federal action have an obligation to act in good faith and with proper purpose." National Info. Servs., Inc. v. TRW, Inc., 51 F.3d 1470, 1472 (9th Cir. 1995). Thus, we reverse the district court's order denying costs to Vernon Estes under Rule 54(d) on these grounds and remand for reconsideration of the issue in light of this opinion.

## 2. ATTORNEYS' FEES

### a. Rule 41(a)(2)

Federal Rule of Civil Procedure 41(a)(2) states that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Vernon Estes argues that the district court erred in declining to award him attorneys' fees as a term and condition of dismissal under Rule 41(a)(2). While we generally review a denial of attorneys' fees for an abuse of discretion, Cobb v. Saturn Land Co., Inc., 966 F.2d 1334, 1338 (10th Cir. 1992), we review de novo any statutory interpretation or other legal analysis underlying the district court's decision concerning attorneys' fees. In re Meridian Reserve, Inc., 87 F.3d 406, 409 (10th Cir. 1996).

7

Again, Vernon Estes relies primarily on <u>Cantrell v. International Brotherhood of Elec. Workers</u>, 69 F.3d 456 (10th Cir. 1995) (en banc). In particular, Vernon Estes argues that we should extend <u>Cantrell</u>'s abolition of the distinction between dismissal with prejudice and dismissal without prejudice in awarding costs under Rule 54(d) to an award of attorneys' fees under Rule 41(a)(2). We decline to do so.

Prior to <u>Cantrell</u>, we held that under Rule 54(d), a district court could award a defendant costs when a plaintiff dismissed its action without prejudice but not when the plaintiff dismissed the action with prejudice. <u>See</u> <u>Mobile Power Enters., Inc. v. Power Vac.</u>, Inc. 496 F.2d 1311, 1312 (10th Cir. 1974). In <u>Cantrell</u>, we overruled <u>Mobile Power</u> "to the extent that it distinguishes between voluntary dismissals with and without prejudice." <u>Cantrell</u>, 69 F.3d at 458. We held that "a defendant is a prevailing party under Rule 54 when, in circumstances not involving settlement, the plaintiff dismisses its case against the defendant, whether the dismissal is with or without prejudice." <u>Id.</u> at 456. We recognized that a dismissal with prejudice affords a defendant considerably more relief than a dismissal without prejudice. <u>Id.</u> at 458 (quoting <u>Schwarz v. Folloder</u>, 767 F.2d 125, 131 n.8 (5th Cir. 1985)). Thus, we noted that the former must make the defendant a prevailing party if the latter does. <u>Id.</u> Moreover, we emphasized that we may have erroneously adopted the distinction between dismissals with and

8

without prejudice in <u>Mobile Power</u> by improperly relying on a case dealing with an award of attorneys' fees and expenses under Rule 41(a)(2).  <u>See</u> <u>id.</u> (discussing <u>Smoot v. Fox</u>, 353 F.2d 830 (6th Cir. 1965)).  Thus, in <u>Cantrell</u>, we implicitly recognized that the with/without prejudice distinction still remains viable in cases involving an award of attorneys' fees under Rule 41(a)(2).

In short, we find nothing in <u>Cantrell</u>'s analysis of Rule 54(d) suggesting that we should abolish the distinction between dismissals with and without prejudice in awarding attorneys' fees under Rule 41(a)(2).  In <u>Cantrell</u>, we confronted the illogic in holding that a defendant dismissed with prejudice could not be a "prevailing party" under Rule 54(d).  <u>Id.</u> at 456.  Today we are not faced with such a definitional dilemma.  Instead, we are only confronted with whether a district court abuses its discretion in declining to award attorneys' fees as a "term or condition" under Rule 41(a)(2) when a plaintiff dismisses its action with prejudice.

Today, we continue to adhere to the rule that a defendant may not recover fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances.[1]  When a plaintiff dismisses an action without prejudice, a district

---

[1]We previously adopted the with/without prejudice distinction under Rule 41(a)(2) in an unpublished opinion.  <u>See</u> <u>Nolen v. Henderson Nat'l Corp.</u>, Nos. 91-6299, 91-6314, 1993 WL 26817, at *4, 986 F.2d 1428 (10th Cir. Feb. 5, 1993) ("Though a defendant may recover fees and costs with respect to a dismissal without prejudice [under Rule 41(a)(2)], it cannot recover them where the dismissal is with prejudice barring exceptional

court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him. See Cauley, 754 F.2d at 771-72. In contrast, when a plaintiff dismisses an action with prejudice, attorneys' fees are usually not a proper condition of dismissal because the defendant cannot be made to defend again. Id. Of course, when a litigant makes a repeated practice of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system, attorneys' fees might be appropriate. But such an exceptional circumstance is not present here. Accordingly, we conclude that the district court did not abuse its discretion in denying attorneys' fees under Rule 41(a)(2).

### b. 28 U.S.C. § 1927

Vernon Estes argues that the district court erred in refusing to award him attorneys' fees under 28 U.S.C. § 1927. We review a district court's decision to

---

circumstances."). Other courts have reached a similar conclusion. See Columbrito v. Kelly, 764 F.2d 122, 133-34 (2d Cir. 1985) ("[W]hen a lawsuit is voluntarily dismissed with prejudice under Fed. R. Civ. P. 41(a)(2), attorneys' fees have almost never been awarded."); Cauley v. Wilson, 754 F.2d 769, 771 (7th Cir. 1985) ("Fees are not awarded [under Rule 41(a)(2)] when a plaintiff obtains a dismissal with prejudice because the defendant cannot be made to defend again." (internal quotations omitted)); Smoot, 353 F.2d at 833 (holding that attorneys' fees are not proper under Rule 41(a)(2) where the dismissal is with prejudice).

deny attorneys' fees under § 1927 for abuse of discretion. O'Connor v. R.F.

Lafferty & Co., 965 F.2d 893, 903 (10th Cir. 1992).

A district court may award fees and costs under 28 U.S.C. § 1927 when an

attorney "multiplies the proceedings in any case unreasonably and vexatiously."

Thus, a court should make such an award "only in instances evidencing a 'serious

and standard disregard for the orderly process of justice.'" White v. American

Airlines, Inc., 915 F.2d 1414, 1427 (10th Cir. 1990) (citations omitted). This is

an "extreme standard." Id. The magistrate found no evidence that AeroTech's

attorneys acted "unreasonably" or "vexatiously." We have reviewed the record

on appeal and agree. Thus, we conclude that the district court did not abuse its

discretion in refusing to award attorneys' fees to Vernon Estes under 28 U.S.C.

§ 1927.

**c.    Rule 11 Sanctions**

Vernon Estes argues that the district court erred in failing to award him

attorneys' fees under Rule 11. The magistrate concluded that Vernon Estes was

not entitled to sanctions because the record failed to establish compliance with

Rule 11's cure provision. Rule 11(c)(1)(A) states that a party may not file a

motion for sanctions with the court "unless, within 21 days after service of the

motion (or such other period as the court may prescribe), the challenged paper,

claim, defense, contention, allegation, or denial is not withdrawn or appropriately

11

corrected." Because Vernon Estes did not move for Rule 11 sanctions until after AeroTech had moved to dismiss its claims against him, we agree with the magistrate's conclusion that Rule 11's cure provision prevents Vernon Estes from seeking sanctions. See Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995) ("The 'safe harbor' provision added to Rule 11 contemplates such service to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention. The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory.").

The magistrate also concluded that the court could not impose Rule 11 sanctions on its own initiative because AeroTech had already voluntarily moved to dismiss its claims. Rule 11(c)(2)(B) states that "[m]onetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned." Given the plain language of Rule 11, we agree that the magistrate could not award sanctions on the court's own initiative.

### d. Inherent Authority

Vernon Estes argues that the district court erred in declining to award attorneys' fees under its inherent authority because AeroTech "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Alyeska Pipeline Serv. Co. v.

12

Wilderness Soc'y, 421 U.S. 240, 258-59 (1975) (quoting F.D. Rich Co. v. United States ex rel. Indus. Lumber Co., 417 U.S. 116, 129 (1974)). Although Vernon Estes briefly argued this theory in the court below, neither the magistrate nor the district court addressed this issue. Nevertheless, we have reviewed the record and conclude that Vernon Estes's argument is without merit.

## CONCLUSION

We REVERSE the district court's order denying Vernon Estes costs under Rule 54(d) and REMAND for a determination of whether costs are appropriate in light of this opinion. We AFFIRM the district court's denial of attorneys' fees under Rule 41(a)(2), 28 U.S.C. § 1927, Rule 11, and the court's inherent authority.