**DEE–K ENTERPRISES, INC., et al., Plaintiffs,**

**v.**

**HEVEAFIL SDN. BHD., et al., Defendants.**

**No. Civ.A. 97–556–A.**

United States District Court, E.D. Virginia, Alexandria Division.

Jan. 22, 1998.

Joel Davidow, Sturgis M. Sobin, Ablondi, Foster, Sobin & Davidow, P.C., Michael D. Hausfeld, Daniel A. Small, Paul T. Gallagher, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, DC, for Plaintiffs.

Walter J. Spak, Anne D. Smith, Carolyn B. Lamm, Denise L. Diaz, George L. Paul, Francis A. Vasquez, Jr., White & Case, Washington, DC, for Heveafil Sdn. Bhd., Filmax Sdn. Bhd., Rubfill Sdn. Bhd., Rubberflex Sdn. Bhd., Filati Lastex Sdn. Bhd., Filati Lastes Elastofibre USA, Inc., Filati Corp. of Rhode Island, Filati Corp. of North Carolina, Rubfil USA, Inc., P.T. Bakrie Rubber Industry.

David M. Foster, Joseph T. Small, Jr., Christine P. Hsu, Fulbright & Jaworski, L.L.P., Washington, DC, for JPS Elastromerics Corp.

James A. West, James A. West, P.C., Houston, TX, for Consortium International Corporation.

## MEMORANDUM OPINION

ELLIS, District Judge.

The matter is before the Court on a Motion for Sanctions pursuant to Rule 11, Fed. R.Civ.P., by defendant JPS Elastomerics Corp. ("JPS"); and on JPS's request that it be dismissed from this action with prejudice, or in the alternative that it be dismissed without prejudice and be awarded its attorney's fees [1]

### I

Plaintiffs filed their original complaint in this action on April 17, 1997.[2] By Order dated July 15, 1997, the complaint was dismissed without prejudice for failure to state a claim. Thereafter, on July 25, 1997, with leave of Court, plaintiffs filed an amended complaint. Defendants responded by filing

---

1. Although the Order dated January 5, 1998, which dismissed JPS from this action with prejudice, notes that no motions remained pending in this action in this District, it appears that the instant Rule 11 motion remains unresolved. Accordingly, this motion, having been taken under advisement by Order dated October 3, 1997, is disposed of herein.

2. For a complete statement of the facts and procedural history of this case, see *Dee–K Enterprises, Inc. v. Heveafil Sdn. Bhd.*, No. 97–556–A, 1997 WL 662997 (E.D.Va. Oct. 23, 1997) (memorandum opinion denying Rule 12(b)(6) motions); and *Dee–K Enterprises, Inc. v. Heveafil Sdn. Bhd.*, 1997 WL 789706 (E.D.Va. Dec. 23, 1997) (memorandum opinion transferring case to Western District of North Carolina for lack of venue).

various motions to dismiss pursuant to Rule 12(b), Fed.R.Civ.P. Prior to disposition of these motions, plaintiffs filed a motion seeking leave to file a second amended complaint. As part of their request for leave, plaintiffs sought to "drop JPS [from the lawsuit] without prejudice." JPS opposed plaintiffs' motion and asked the Court (i) to deny plaintiffs leave to amend a second time, (ii) to dismiss JPS from this action with prejudice, or (iii) to dismiss JPS from the action without prejudice, but grant JPS its attorney's fees for the work performed in response to the first two complaints. In support, JPS contended that plaintiffs' motion for leave to file a second amended complaint was in effect a motion for dismissal pursuant to Rule 41(a), Fed. R.Civ.P. JPS also argued that plaintiffs had violated Rule 11, Fed.R.Civ.P., in filing the first two complaints, and that it should be awarded its attorney's fees incurred in responding to those pleadings. By Order dated September 19, 1997, JPS's request for dismissal was taken under advisement, and plaintiffs' motion for leave to file a second amended complaint was granted in all other respects. By Order dated October 3, 1997, JPS's Rule 11 motion was taken under advisement. And, for the reasons stated in a Memorandum Opinion dated October 23, 1997, the various motions to dismiss the second amended complaint were denied. *See Dee–K Enterprises,* 1997 WL 662997.

Thereafter, the entire matter, save two, fully briefed and argued pending motions, was transferred to the Western District of North Carolina pursuant to 28 U.S.C. § 1406. *See Dee–K Enterprises,* 1997 WL 789706. One of the two motions is JPS's pending Rule 11 motion for sanctions. The second motion, plaintiffs' motion for leave to amend as it related to JPS, was disposed of by Order dated January 5, 1998. This Memorandum Opinion sets forth the reasons for the disposition of both motions.

## II

■ JPS first moves for attorney's fees pursuant to Rule 11(c)(2), Fed.R.Civ.P.,

which provides that sanctions may be imposed for violations of Rule 11(b), Fed.R.Civ. P.,[3] and that such sanctions may include an award of attorney's fees. JPS claims that, because the original and first amended complaints failed to state a claim against it, and because the allegations concerning JPS in those complaints were not based on any facts known to plaintiffs at the time the complaints were filed, it should be awarded its attorney's fees incurred in defending against the first two complaints. JPS further asserts that plaintiffs did not, as the Rule requires, withdraw the unfounded claim against it within twenty-one days after JPS served plaintiffs with the instant Rule 11 motion. *See* Rule 11(c)(1)(A), Fed.R.Civ.P. (providing that no motion for sanctions shall be filed with the court if the nonmovant withdraws the offensive paper within twenty-one days). Thus, assessment of JPS's claim for sanctions involves two inquiries: (i) whether plaintiffs had evidentiary support for the claim against JPS in the first two complaints, and (ii) whether plaintiffs withdrew the claim within the twenty-one-day period.

■ As to the first inquiry, JPS correctly contends that neither of the first two complaints contained specific factual references to its involvement in the conspiracy. From this, JPS assumes that plaintiffs had no factual basis for asserting the claim. Otherwise, JPS assumes, plaintiffs would have included any specific supporting facts they had in the complaints. In this regard, JPS confuses the certification requirements of Rule 11 with the pleading requirements of Rule 8, Fed.R.Civ.P., and *Estate Construction Co. v. Miller & Smith Holding Co.,* 14 F.3d 213 (4th Cir.1994) (holding that a plaintiff in an antitrust action must provide specific facts supporting the complaint whenever possible). Rule 11 mandates that the attorney filing a claim have a reasonable factual basis for doing so, and that the claim be supported by existing law or a nonfrivolous argument for changing existing law or establishing new law. *See* Rule 11(b), Fed.R.Civ.P. The Rule

---

**3.** Rule 11(b) provides that an attorney presenting any pleading to the court certifies that the pleading is "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," and that the allegations therein "have evidentiary support."

does not require that an antitrust plaintiff comply with the heightened pleading obligations set forth in *Estate Construction, see* 14 F.3d at 220–21, to avoid sanctions. If, in a particular case, the plaintiff fails to enumerate specific facts supporting the claim, the complaint may be dismissed pursuant to *Estate Construction.* Of course, it does not follow that a defendant succeeding under *Estate Construction* should necessarily be awarded fees under Rule 11.[4] Were that the case, Rule 11 would essentially collapse into Rule 12(b)(6), for every time a plaintiff failed to state a claim upon which relief could be granted, it would also be liable for fees or other sanction under Rule 11. Such a result is plainly contrary to the language and intent of the Rules.

Thus, to prevail on its Rule 11 motion, JPS must show more than a victory under Rule 12(b)(6); it must show that plaintiffs' first two complaints were not based on a reasonable factual inquiry and had no evidentiary support. *See* Rule 11(b)(3).[5] JPS contends that plaintiffs, at the time of filing, knew of no facts that would, if proven, have connected JPS to the alleged conspiracy. While the complaints alleged no such facts, this does not necessarily mean that plaintiffs' counsel had no evidentiary support for the claim against JPS when the complaints were filed. But if plaintiffs' counsel ever had the requisite evidentiary support, they have yet to adduce it, though challenged to do so by JPS's motion. Instead, plaintiffs make only the irrelevant and erroneous contention that "there is no heightened pleading requirement in antitrust cases." *But see Estate Construction,* 14 F.3d at 220–21 (setting forth heightened pleading requirements in antitrust cases).

In short, plaintiffs nowhere disclose what, if any, evidentiary support they had for the conspiracy claim they brought against JPS in the first two complaints. At this point, then, the record supports the conclusion that plaintiffs did not meet the strictures of Rule 11(b).

But this does not end the analysis. Rule 11(c)(1)(A), Fed.R.Civ.P., provides that any motion for sanctions must be served initially on the nonmovant, but shall not be filed with the court unless the putatively violative paper is "not withdrawn or appropriately corrected" within twenty-one days after the motion is served on the nonmovant. In other words, as long as the nonmovant withdraws or corrects the offending paper within twenty-one days of being served, there can be no Rule 11 sanctions. As required by Rule 11, JPS first served the instant motion on plaintiffs without filing it with the court. Eighteen days later, plaintiffs filed their motion for leave to file a second amended complaint, which sought dismissal of JPS without prejudice. Although this was within the twenty-one-day deadline, JPS nonetheless filed the instant motion, because it claims plaintiffs' motion for leave did not constitute a "withdrawal" of the offensive pleading (the amended complaint). Thus, JPS contends that the motion is properly before the Court.

Plaintiffs rightly note that Rule 11 requires only that the nonmovant "withdraw" the paper, not that this be done with prejudice. Indeed, the advisory committee notes state that if the alleged violator withdraws the paper *"formally or informally* ... the motion should not be filed with the court." Rule 11, Fed.R.Civ.P. advisory committee note ¶ 20 (emphasis added); *see also id.* ¶ 7 (stating that the Rule "does not require a formal amendment to pleadings ... but rather calls upon a litigant not thereafter to advocate such claims or defenses"). This reflects that the purpose of the safe-harbor provision is to avoid holding a hearing and

---

4. Conversely, a plaintiff could meet its *Estate Construction* burden yet still suffer sanctions under Rule 11. Consider, for example, a situation in which a plaintiff spent five pages listing the alleged exact dates, times, and locations of conspiratorial meetings, and attached what purported to be transcripts of those meetings. That would more than satisfy *Estate Construction's* pleading requirements, but if there were no factual basis for the five-page litany, then the defendants would properly prevail on a Rule 11 motion. Thus, *Estate Construction* teaches how specific the allegations must be; Rule 11 asks what the basis for those allegations is.

5. Neither party disputes that the complaints were warranted by existing law, *see* Rule 11(b)(2), as they allege a conspiracy among competitors to fix prices and to restrain trade, a quintessential violation of § 1 of the Sherman Act, 15 U.S.C. § 1.

imposing sanctions when the nonmovant "acknowledge[s] candidly that it does not currently have evidence to support a specified allegation." *Id.* ¶ 20.

Plaintiffs here, in requesting leave to file an amended complaint that did not name JPS, and in asking the Court to dismiss JPS without prejudice, met the requirements of Rule 11. They "informally" withdrew the complaint as it related to JPS, and in doing so they "acknowledge[d] candidly" that there may not have been enough evidence to support a claim against JPS. In short, they ceased "advocat[ing] such claims" against this defendant.

Because, as of the date JPS filed the instant motion, plaintiffs had indicated their intention to abandon their claim against JPS—at least temporarily—there is no basis on which to award JPS attorney's fees under Rule 11. *See AeroTech, Inc. v. Estes,* 110 F.3d 1523, 1528 (10th Cir.1997) (denying fees award because party seeking fees, who had been dismissed with prejudice, did not abide by the safe-harbor provision of Rule 11); *Photocircuits Corp. v. Marathon Agents, Inc.,* 162 F.R.D. 449, 452 (E.D.N.Y.1995) (refusing to impose sanctions when nonmovant voluntarily withdrew complaint before twenty-one-day period had even commenced).

### III

▮ JPS next contends that it should be dismissed from this action with prejudice under the "two dismissal" rule of Rule 41(a)(1), Fed.R.Civ.P. The two-dismissal rule provides that a second dismissal pursuant to Rule 41(a)(1) must be granted, if at all, with prejudice. *See Manning v. South Carolina Dep't of Highway and Pub. Transp.,* 914 F.2d 44, 47 (4th Cir.1990); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2368, at 327 (2d ed.1994). Neither party disputes the soundness of this sensible rule. Rather, plaintiffs claim the rule does not fit these facts, as the second dismissal (achieved through the motion for leave to amend) was not explicitly pursuant to Rule 41. To counter this, JPS argues that plaintiffs' motion for leave effectively operated as a second notice of dismissal, thus triggering the two-dismissal rule. In the end, this dispute need not be resolved as another point dispositively precludes the application of the two-dismissal rule in this case. The first dismissal was the dismissal of the complaint for failure to state a claim. And when, as here, the first dismissal was involuntary, that is, when the plaintiff did not move for, stipulate to, or notice the dismissal, the two-dismissal rule is not implicated. *See Hughes Supply, Inc. v. Friendly City Elec. Fixture Co.,* 338 F.2d 329, 330–31 (5th Cir.1964) (refusing to invoke two-dismissal rule when first dismissal was based on improper venue, and thus was not voluntary). Indeed, the text of Rule 41 compels this conclusion. *See* Rule 41(a)(1), Fed.R.Civ.P. ("[A] notice of dismissal operates as an adjudication upon the merits when filed by a *plaintiff who has once dismissed . . . an action* based on or including the same claim." (emphasis added)). Here, plaintiffs' original complaint was dismissed by order of the Court in disposing of defendants' motions to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. It follows that the original complaint was not dismissed voluntarily by plaintiffs, and thus that the two-dismissal rule does not apply.[6]

▮ Because plaintiffs could have filed a notice of dismissal pursuant to Rule 41(a)(1) and not been subject to the two-dismissal rule, they now attempt to recharacterize their "Motion for Leave to File Second Amended Complaint" pursuant to Rule 15(a), Fed.R.Civ.P., as a notice of dismissal pursuant to Rule 41(a)(1). Plaintiffs suggest that although they filed a motion to amend, they just as easily could have filed a notice of dismissal. The short answer to this suggestion is that what plaintiffs could have done is not what they did. It is true, however, that plaintiffs' motion for leave to file a second amended complaint is appropriately treated as a motion for dismissal pursuant to Rule 41(a)(2), Fed.R.Civ.P. An amendment pursu-

---

**6.** Nor did the filing of the amended complaint operate as a voluntary dismissal by plaintiffs, such that filing the motion for leave to file the second amended complaint would constitute no-

tice of a second voluntary dismissal under Rule 41(a)(1). *See* 8 James Wm. Moore, *Moore's Federal Practice,* § 41.33 [5][c][vi].

ant to Rule 15 that eliminates (or proposes to eliminate) all causes of action against a particular defendant is the same as a motion to dismiss under Rule 41(a)(2) as to that defendant. *See AeroTech,* 110 F.3d at 1526 (adopting magistrate judge's conclusion that "plaintiffs' request to amend their complaint under Rule 15 [should be treated] as a motion for voluntary dismissal governed by Rule 41(a)(2)"); Moore, *supra,* § 41.21[2] ("In many instances the ... effect of[ ] an amendment will be the same as a voluntary dismissal....").[7] In other words, when a plaintiff "seeks the equivalent of a voluntary dismissal through some other procedural device, the court may treat the application as if made under Rule 41(a)(2)." Moore, *supra,* § 41.40[4][a]. In this regard, plaintiffs here sought a dismissal of JPS through "some other procedural device," namely the motion for leave to amend. Plaintiffs' motion specifically sought to "drop JPS at this time" by not naming it as a defendant in the second amended complaint. Accordingly, the motion for leave is hereby construed as a motion to dismiss JPS under Rule 41(a)(2).

When a district court considers a motion to dismiss pursuant to Rule 41(a)(2), it may grant the dismissal with prejudice and impose certain conditions on the plaintiffs—such as payment of the defendant's attorney's fees—as part of the dismissal.[8] Because JPS incurred significant expense in responding to the original complaint and the first amended complaint, the instant circumstances warrant a dismissal with prejudice. *See Ratkovich v. Smith Kline,* 951 F.2d 155, 158 (7th Cir.1991) (stating that district courts may consider defendant's effort expended and costs incurred in determining whether defendant has suffered prejudice); *cf. Weinberger v. Retail Credit Co.,* 498 F.2d 552, 554 n. 4 (4th Cir.1974) (upholding denial of motion to amend when effect of amendment would be to dismiss one count of complaint

without prejudice, thus leaving the plaintiff "free to assert such claims again, putting [the defendant] to the expense of relitigation").

In light of this dismissal with prejudice, an award of attorney's fees is inappropriate. *See AeroTech,* 110 F.3d at 1528 (holding that "a defendant may not recover attorneys' fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances"); *Colombrito v. Kelly,* 764 F.2d 122, 133–34 (2d Cir.1985) (holding that fees would not be awarded after a dismissal with prejudice because the defendant did not face the risk of relitigation). No exceptional circumstances exist here that would warrant a fees award.

### IV

In sum, notwithstanding the fact that it appears plaintiffs did not have a factual basis for their claim against JPS before filing the original and first amended complaints, plaintiffs withdrew the claim against JPS within Rule 11's twenty-one-day safe-harbor period. Accordingly, JPS's motion for sanctions pursuant to Rule 11 is denied. An appropriate order will issue.

Furthermore, JPS's Rule 41 motion for dismissal is granted, and JPS is dismissed from this action with prejudice. However, JPS's request for the payment of attorney's fees pursuant to Rule 41(a)(2) is denied. An appropriate order, dated January 5, 1998, has issued.

The Clerk is directed to send a copy of this Memorandum Opinion to a counsel of record.

---

7. *See also Choice Hotels Intl., Inc. v. Goodwin & Boone,* 11 F.3d 469, 471 (4th Cir.1993) ("When a district court dismisses a plaintiffs action at the plaintiffs request, the district court acts under Fed.R.Civ.P. 41(a)(2)."); *cf.* Moore, *supra,* § 41.13[6] ("Rule 41 overlaps with Rule 15(a) to the extent that a plaintiff can effectively amend the pleading by dismissing particular parties or claims from the action.").

8. *See* Rule 41(a)(2), Fed.R.Civ.P. (providing that dismissal may be made "upon such terms and conditions as the court deems proper" and that the order may specify that the dismissal is with prejudice).