**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 23 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

PATSY MILLS, surviving spouse of
Ramon H. Mills, deceased,

      Plaintiff-Appellant,

v.

UNUM LIFE INSURANCE
COMPANY OF AMERICA, a
corporation; NESTLE USA, a
corporation,

      Defendants-Appellees.

Nos. 98-6440 & 99-6113
(D.C. No. CV-97-1948-A)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **BARRETT** , and **BRISCOE,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Patsy Mills, the surviving spouse of Ramon H. Mills, brought this action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 - 1461, seeking disability benefits under a long term disability (LTD) plan based on Mr. Mills's disability while employed with Cain's Coffee Company (Cain's). Plaintiff named as defendants Nestle USA, Inc. (Nestle), which owned Cain's until December 4, 1992, and UNUM Life Insurance Company of America (UNUM), the LTD insurer for Nestle and certain of its affiliates. The district court granted defendants' motion for summary judgment. Subsequently, the district court granted UNUM's motion for attorney's fees and costs pursuant to 28 U.S.C. § 1927. In companion appeals, plaintiff challenges both decisions. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court in both instances.

Mr. Mills started working for Cain's in 1979. In 1986, he was diagnosed with chronic lymphocytic leukemia. His condition worsened in the Fall of 1992 when he developed non-Hodgkin's lymphoma and his vision deteriorated significantly. Cain's payroll indicates that, as of January 1, 1992, Mr. Mills was on "Inactive Status - Medical Leave." Appellant's App. (Appeal No. 98-6440) at 111. The Social Security Administration deemed Mr. Mills disabled as of October 1, 1992. On December 28, 1993, Cain's terminated Mr. Mills based on his absence record. Mr. Mills died on July 1, 1994.

Thereafter, plaintiff initiated this action pursuant to 29 U.S.C. § 1132(a). That subsection permits plan participants or beneficiaries to bring a civil action to recover, enforce, and/or clarify benefits and rights under the plan. In her complaint, plaintiff claimed her husband was covered under Cain's and/or Nestle's LTD plan when he became disabled in 1992, he was entitled to LTD benefits, he made a demand for such benefits, and defendants refused to pay him these benefits. Indeed, Nestle offered Cain's employees an LTD plan in 1992 that was fully funded by employees through insurance premium payroll deductions. Commencing January 1, 1993, UNUM offered employees of Nestle and certain of its affiliates a group LTD plan. In her response to defendants' summary judgment motion, plaintiff conceded she had no evidence to controvert UNUM's assertions that it did not offer an LTD policy to employees of Nestle or its affiliates in 1992 and that it did not receive, deny, or adjudicate any claim from Mr. Mills. See Appellant's App. (Appeal No. 98-6440) at 216. Nevertheless, plaintiff still challenges on appeal that portion of the summary judgment decision dismissing UNUM. See Appellant's Br. (Appeal No. 98-6440) at 3 ("the factual record presented to the district court was such that UNUM and Nestle were not entitled to judgment in their favor as a matter of law"). Despite this undeveloped challenge, the pivotal issue in this case is whether Mr. Mills was covered under Nestle's LTD plan in 1992 when he became disabled.

**Appeal No. 98-6440 (Summary Judgment)**

The parties cross moved for summary judgment and the district court granted defendants' motion. In Appeal No. 98-6440, plaintiff contends that the district court erred in granting summary judgment because: (1) it failed to consider all of the evidence submitted by her; and (2) there were genuine issues of material fact precluding the grant of summary judgment.

We review de novo the district court's decision granting summary judgment and apply the same legal standards as the district court. See Bullington v. United Air Lines, Inc. , 186 F.3d 1301, 1313 (10th Cir. 1999). Summary judgment is appropriate on a record demonstrating that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). As always, "we view the factual record and inferences therefrom in the light most favorable to the nonmoving party." Bullington , 186 F.3d at 1313.

The party moving for summary judgment "has the initial burden to show 'that there is an absence of evidence to support the nonmoving party's case.'" Thomas v. IBM , 48 F.3d 478, 484 (10th Cir. 1995) (quoting Celotex Corp. v. Catrett , 477 U.S. 317, 325 (1986)). Thereafter, it is the nonmoving party's burden to "identify specific facts that show the existence of a genuine issue of material fact." Id. "'The party opposing the motion must present sufficient

-4-

evidence in specific, factual form for a jury to return a verdict in that party's favor.'" Id. (quoting Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991)). "It is well settled in this circuit that we can consider only admissible evidence in reviewing an order granting summary judgment." Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995). However, the form of the evidence is not dispositive, rather "the content or substance of the evidence must be admissible." Thomas, 48 F.3d at 485.

In their motion for summary judgment, defendants argued that Mr. Mills was not covered under either Nestle's LTD plan in 1992 or the LTD Plan offered by Nestle through UNUM as of January 1, 1993. In support of the motion, defendants offered affidavit testimony from both Nestle and UNUM employees. According to these affidavits, Mr. Mills did not pay LTD insurance premiums in 1992, as reflected in the payroll records attached to the affidavit of Nestle's payroll clerk. Nor did UNUM offer employees of Cain's any LTD benefits in 1992. In response, plaintiff's submissions included her affidavit, correspondence between plaintiff and Nestle concerning Mr. Mills's benefits, and Mr. Mills's "1991 Benefits Deductions" form.

Plaintiff's main contention on appeal is that the district court failed to evaluate her evidence which she claims creates questions of fact material to Mr.

Mills's coverage under the LTD plan. [1] Specifically, plaintiff argues that the "1991 Benefits Deductions" form shows that Mr. Mills contributed toward LTD benefits in 1991 and there is no indication that he stopped making these contributions in 1992. In addition, plaintiff contends that the correspondence concerning benefits creates a factual issue because it shows that Nestle never disavowed Mr. Mills's coverage under its LTD plan.

While the district court deemed much of plaintiff's evidence inadmissible, it considered the evidence nevertheless and concluded that plaintiff failed to meet her burden on summary judgment. Despite its finding that the "1991 Benefits Deductions" form was not admissible pursuant to its local rule, W.D. Okla. LCvR7.1(h), [2] because the only explanation of that document was contained in plaintiff's brief, the district court discussed it at length. Noting that plaintiff failed to explain its significance, the district court found that "[o]n the record presented, it appears to be simply a worksheet done by or for Mr. Mills to

---

[1] Although plaintiff's complaint references only LTD benefits, her summary judgment briefs and briefs on appeal also refer generally to benefits under a retirement plan. Plaintiff argues that the district court erred by limiting her claim to the LTD plan instead of considering whether she was due benefits under any plan. Plaintiff did not amend her complaint to include a claim for retirement benefits. Nor was a claim for retirement benefits tried by "express or implied consent of the parties." Fed. R. Civ. P. 15(b). Hence, plaintiff is limited to her LTD benefits claim.

[2] Local Rule 7.1(h) states that "[f]actual statements or documents appearing only in briefs shall not be deemed to be a part of the record in the case, unless specifically permitted by the Court."

ascertain what his contribution would be for certain benefit plans if he chose to participate in them during 1991." Appellant's App. (Appeal No. 98-6440) at 344. The district court concluded that nothing in that document indicated whether Mr. Mills ultimately elected to participate in the LTD plan during 1991.

Next, the district court considered the correspondence between the Mills and Nestle concerning Mr. Mills's benefits. The district court noted that only one piece of correspondence was part of the record, i.e., the letter dated May 26, 1993 to Mr. Mills from Karen Corvino, Nestle's Benefits Manager. The district court found that the letter was not related to Mr. Mills's claim for LTD benefits as, by its terms, it pertains to Nestle's "Retirement Plan." In addition, while not part of the record for the same reason attributed to the "1991 Benefits Deductions" form, the district court stated that the other correspondence plaintiff submitted was similarly flawed.

Hence, the district court, contrary to plaintiff's assertion, did consider the inadmissible evidence and concluded that all of the evidence she submitted failed to evince a trial-worthy, factual dispute. Nor, based on our independent review of the record, do we find otherwise; the evidence submitted by plaintiff--whether admissible or not--is not probative. We have nothing to add to the district court's decision which is thorough and well reasoned. Accordingly, we affirm the district

court's grant of summary judgment for substantially the reasons stated in its order dated October 5, 1998.

## Appeal No. 99-6113 (Attorney's Fees)

In this companion appeal, plaintiff and plaintiff's counsel contend that the district court abused its discretion by imposing part of UNUM's attorney's fees and costs against plaintiff's counsel.

After their motion for summary judgment was granted, defendants sought attorney's fees and costs under a number of different fee-shifting authorities. The district court awarded UNUM its attorney's fees and costs -- expended after March 3, 1998 -- against plaintiff's attorney pursuant to 28 U.S.C. § 1927. That section provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The district court acknowledged that "plaintiff's counsel was operating under a misconception of the plans and benefits described by Nestle and Cain's in correspondence between the decedent and his employer's representatives as well as correspondence between the decedent's former counsel and these representatives." Appellant's App. (Appeal No. 99-6113), Vol. II at 615. The district court reasoned that plaintiff's attorney was alerted by March 3, 1998, after

taking plaintiff's deposition, that she and her husband "were not aware of their ability to obtain coverage under UNUM and did not file a claim under UNUM." Id. Hence, the district court concluded that "[b]y March 3, 1998, counsel for plaintiff should have been aware that UNUM was not a proper party in this action, particularly as plaintiff had not alleged a claim for breach of fiduciary duty." Id. In addition, the district court noted that "[c]ounsel for defendants continuously advised plaintiff's counsel that there was no evidence the decedent was covered by or submitted a claim for UNUM coverage." Id. at 613. The district court adjudged this behavior vexatious multiplication of the action and ordered plaintiff's counsel to pay to UNUM $ 15,919 in attorney's fees and $ 1,351.26 in expenses.

In general, "[w]e review a district court's decision to deny attorneys' fees under 28 U.S.C. § 1927 for abuse of discretion." AeroTech, Inc. v. Estes, 110 F.3d 1523, 1528 (10th Cir. 1997). "However, 'any statutory interpretation or other legal analysis which provides the basis for the award is reviewable de novo.'" Corneveaux v. CUNA Mut. Ins. Group, 76 F.3d 1498, 1508 (10th Cir. 1996) (quoting Supre v. Ricketts, 792 F.2d 958, 961 (10th Cir. 1986)). This court has explained that "the proper standard under . . . § 1927 is that excess costs, expenses, or attorney's fees are imposable against an attorney personally for conduct that, viewed objectively, manifests either intentional or reckless disregard

-9-

of the attorney's duties to the court." Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc). When imposing an award, the district court's order "must sufficiently express the basis for the sanctions imposed to identify the excess costs reasonably incurred by the party to whom they will be due." Id. at 1513.

Here, counsel's failure to dismiss UNUM as a defendant after March 3, 1998, was objectively unreasonable conduct which justified the district court's imposition of attorney's fees and costs incurred by UNUM after that date pursuant to 28 U.S.C. § 1927. Hence, we find no abuse of discretion.

### Attorney's Fees and Costs on Appeal

Defendants seek attorneys fees and costs pursuant to Fed. R. App. P. 38 and 28 U.S.C. § 1927 for both appeals. Rule 38 empowers us to impose "just damages . . . and costs" on either the litigants or their attorneys for frivolous appeals. "An appeal is frivolous when the result is obvious, or the appellant's arguments are wholly without merit." Braley, 832 F.2d at 1510 (quotation omitted). In addition, as discussed above, § 1927 allows us to sanction attorneys "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Id. at 1512. We conclude that attorney's fees and costs are not justified under either standard.

The judgments of the United States District Court for the Western District of Oklahoma in Appeal Nos. 99-6113 and 98-6440 are AFFIRMED. We deny defendants' request for attorney's fees and costs in both appeals.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-11-