**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 9, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MURUGESAN KANNAYAN,
Individually,

      Plaintiff-Counter-
      Defendant,

v.

DOLLAR PHONE CORPORATION, a
New York corporation; DOLLAR
PHONE INTERNATIONAL INC., a
BVI corporation,

      Defendants-Counter
      Claimants-3rd Party
      Plaintiffs-Appellees,

v.

CHAD DOBBINS,

      Third-Party-Defendant-
      Appellant.

No. 09-6103
(D.C. No. 5:08-CV-00300-D)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **HARTZ**, **McKAY**, and **ANDERSON**, Circuit Judges.

Chad Dobbins appeals from the district court's order denying his motion to recover attorneys' fees in an action brought against him by appellees Dollar Phone Corporation and Dollar Phone International, Inc. (collectively "Dollar Phone"). Exercising jurisdiction under 28 U.S.C. § 1291, and reviewing the indemnity provision at issue de novo,[1] we affirm.

Dollar Phone is a wholesale provider of telephone calling cards. In 2005, it entered into sales agreements with two separate distributors of such cards, Time Advisors, L.P. and Kannayan Family LLC (d/b/a "Spydernett"). The Time Advisors agreement was signed by Dobbins on behalf of Time Advisors. The Spydernett agreement was signed by Murugesan Kannayan, plaintiff and counter-defendant below. Both agreements contained arbitration clauses and cross-indemnification provisions.

In November 2007, Dollar Phone filed a demand for arbitration against Kannayan pursuant to the arbitration clause in the Spydernett agreement, claiming that Spydernett's account was in default. In response, Kannayan claimed he was not personally a party to the Spydernett agreement, and he filed a state court

---

[1] "While we generally review a denial of attorneys' fees for an abuse of discretion, we review de novo any statutory interpretation or other legal analysis underlying the district court's decision concerning attorneys' fees." *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1527 (10th Cir. 1997) (internal citation omitted).

action against Dollar Phone seeking to enjoin the arbitration proceeding against him in his individual capacity. Dollar Phone removed that action to federal court based on diversity of citizenship and filed a counterclaim against Kannayan and a third-party claim against Dobbins, seeking an order compelling both men to participate in the arbitration proceeding. Dollar Phone alleged that Dobbins and Kannayan were general partners of Time Advisors, and that Time Advisors and Spydernett had commingled their accounts. Dollar Phone theorized that, as a general partner of Time Advisors, Kannayan believed he was personally liable for that entity's debts, but that he did not believe he could be held personally liable for Spydernett's debts. Therefore, he used Spydernett's funds to keep Time Advisors's account current, thereby causing Spydernett to default on its own account.

Finding no evidence of a general partnership between Dobbins and Kannayan, the district court rejected the argument that Time Advisors or Dobbins could be held liable for Spydernett's debt. Thus, it concluded that the arbitration clause in the Time Advisors agreement could not possibly cover Dollar Phone's collection action against Spydernett. The court therefore awarded summary judgment to Dobbins, dismissing Dollar Phone's action to compel arbitration. Dobbins then moved for his attorneys' fees under the indemnity provision of the Time Advisors agreement, § 3.5, which provides as follows:

> Provider hereby indemnifies and agrees to hold [Distributor][2] its officers, directors, shareholders, employees, agents . . . (the 'Indemnified Parties') harmless from and against any claim, liability, damage, cost, and expense, including . . . attorneys' and expert witness fees, incurred by any of the Indemnified Parties directly arising out of or in connection with the failure to comply with any regulatory obligations or any other obligations contained herein.

Aplt. App. at 117.

Consistent with its summary judgment ruling, the district court denied Dobbins's motion for attorneys' fees because it concluded the Time Advisors agreement "had no connection to Dollar Phone's third-party action against him." Aplee. Supp. App. at 3. Essentially, the court would not allow Dobbins to benefit from the indemnity clause of the Time Advisors agreement and simultaneously avoid application of its arbitration clause. Dobbins argues this was unfair, pointing out that if Dollar Phone had prevailed, it likely would have been entitled to its attorneys' fees under the cross-indemnification provision, § 3.3. He claims he should not be penalized for defeating Dollar Phone's misguided attempt to compel his participation in the arbitration proceeding. And he notes that other jurisdictions, primarily California, guard against this unfair result by awarding attorneys' fees to the prevailing party on a contract claim even if the party

---

[2] Due to a typographical error, § 3.5 erroneously states that the provider agrees to indemnify itself instead of the distributor. The district court acknowledged the error, noting that read literally, "the provision is nonsensical." Aplee. Supp. App. at 3.

successfully argues that the contract is inapplicable. *See*, *e.g.*, *Hsu v. Abbara*, 891 P.2d 804, 808 (Cal. 1995) (applying Cal. Civ. Code § 1717).

We do not disagree with Dobbins's general hypothesis that Dollar Phone would have been entitled to recover its fees had it prevailed; nor his assertion that in certain jurisdictions, he would be entitled to his fees notwithstanding the general inapplicability of the Time Advisors agreement. But unlike California, Oklahoma has not enacted legislation or otherwise recognized a doctrine that enforces an attorneys' fees provision in an otherwise inapplicable contract.[3] Thus, while we recognize the potential inequity that results from the district court's interpretation, we cannot say it was legally incorrect.

The cardinal rule when interpreting an indemnity clause, as with all contractual provisions, is "to ascertain the intention of the parties and to give effect to that intention if it may be done consistently with legal principles." *Luke v. Am. Surety Co. of N.Y.*, 114 P.2d 950, 951-52 (Okla. 1941). Section 3.5 is no model of clarity. But in our view, most reasonably construed, it expresses Dollar Phone's intent to indemnify Time Advisors in the event of its own failure to

---

[3]    We note that Cal. Civ. Code § 1717 "was enacted to establish mutuality of remedy where a contractual provision makes recovery of attorney's fees available for only one party, and to prevent oppressive use of one-sided attorney's fees provisions." *Hsu*, 891 P.2d at 809 (internal quotation marks and brackets omitted). The Time Advisors agreement contained cross-indemnity provisions (§§ 3.3 & 3.5), allowing both sides to recover attorneys' fees in the event of a breach by the other party. Dobbins has not addressed whether, in light of the specific policy considerations underlying § 1717, as set forth in *Hsu*, it would apply under the circumstances of this case.

comply with its regulatory or contractual obligations. Under this natural and logical interpretation, the agreement harmoniously provides for the recovery of attorneys' fees by both parties if such fees were incurred in connection with the other party's breach. By contrast, Dobbins's interpretation, unsupported by any Oklahoma cases, would permit the recovery of attorneys' fees in any lawsuit between the parties so long as an allegation is made under the contract, no matter how frivolous. The district court committed no error in rejecting this expansive construction. Its judgment is therefore AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge