69 F.3d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Garry DE YOUNG, Plaintiff-Appellant,
v.
STATE of Kansas, and John W. White, Administrative Judge for
the First Judicial District of the State of Kansas
Defendants-Appellees.
 No. 95-3158.
 United States Court of Appeals, Tenth Circuit.
 Nov. 9, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 EBEL, Circuit Judge.
 
 
 1
 Plaintiff-Appellant Garry De Young ("De Young"), appearing pro se, appeals the district court's order dismissing his civil rights complaint with prejudice.[2] De Young contends the district court erred in dismissing his claims for injunctive and monetary relief against the State of Kansas on the basis of Eleventh Amendment immunity. De Young also urges us to reverse the district court's ruling that the claims against Defendant-Appellee John W. White ("Judge White") were barred by judicial immunity. For the reasons set forth below, we AFFIRM the judgment of the district court.
 
 I.
 
 2
 This case arises out of a prior action brought against De Young in Kansas small claims court. In that case, De Young was sued by a creditor on a $312.80 debt. De Young disputed the debt and requested a jury trial on the matter. The court denied this request on the ground that the Kansas Small Claims Procedure Act ("SCPA") authorized only a trial by the court, not by jury. See Kan. Stat. Ann. 61-2707. After a bench trial, the court ruled in favor of the creditor and ordered De Young to pay the disputed debt. De Young appealed the court's decision to Neosho County District Court, asserting that the SCPA procedure violated his Seventh Amendment right to a jury trial. The state district court rejected De Young's constitutional claim, reasoning that because the SCPA allows for a de novo jury trial on appeal, De Young's Seventh Amendment rights were not violated.[3]
 
 
 3
 On September 28, 1994, De Young filed the present action in the United States District Court. In his complaint and accompanying "Brief For This Case," De Young alleged that his rights under the Seventh and Fourteenth Amendments were violated by the State of Kansas and Judge White. De Young sought relief of one million dollars in actual damages, one million dollars in punitive damages, and a declaration that Kan. Stat. Ann. 61-2707 was unconstitutional. The district court granted Defendants' motions to dismiss and this appeal followed.
 
 II.
 
 4
 We review de novo the district court's grant of a motion to dismiss. Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir.), cert. denied, 115 S.Ct. 107 (1994). A motion to dismiss is appropriate only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief. Coosewoon v. Meridian Oil Co., 25 F.3d 920, 924 (10th Cir.1994). While we review pro se pleadings under a liberal standard, we will uphold the dismissal of a pro se complaint if the facts alleged, even if true, cannot provide a basis for relief. Estelle v. Gamble, 429 U.S. 97, 106 (1976).
 
 
 5
 A. Dismissal of Claims Against the State of Kansas
 
 
 6
 De Young's claims against the State of Kansas were properly dismissed by the district court. The Eleventh Amendment grants the states absolute immunity from suits brought by individuals in federal court. Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). When the state itself is a named defendant, the Eleventh Amendment bar operates regardless of the legal or equitable nature of the relief sought. Hensel v. Office of Chief Administrative Hearing, 38 F.3d 505, 509 (10th Cir.1994). Accordingly, we affirm the dismissal of De Young's claims against the State of Kansas.
 
 B. Dismissal of Claims Against Judge White
 
 7
 De Young alleged in his complaint that the State of Kansas was "represented by" Judge White. The district court thus assumed, as do we, that De Young is suing Judge White as a state official in both his official and individual capacities. However, because we agree with the district court that De Young's complaint does not state a claim for relief against Judge White in either capacity, we affirm the dismissal of the action.
 
 
 8
 First, although the Eleventh Amendment does not bar suits against a state official for injunctive relief, see Ex Parte Young, 209 U.S. 123, 159-160 (1908), it does bar official capacity suits against state officials for monetary relief, Ford Motor Co. v. Dep't of the Treasury, 323 U.S. 459, 464 (1945). Thus, De Young's claim for damages, if brought against Judge White as a representative of the State of Kansas, is barred by the Eleventh Amendment. Id.
 
 
 9
 Second, even if De Young's claim is brought against Judge White in his individual capacity, we agree that this claim is barred by Judge White's common law judicial immunity. See Stump v. Sparkman, 435 U.S. 349 (1978). Under this doctrine, judicial officers are given immunity from civil damages liability for all acts performed in a judicial capacity. Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.), cert. denied, 115 S.Ct. 107 (1994). Thus, we have held that a judge cannot be held liable for actions which are "normally performed by a judge." Id. Here, De Young seeks civil damages from Judge White for the injury caused by the denial of De Young's constitutional challenge. Because there is no doubt that the act of deciding a constitutional challenge is at the core of the judicial function, the damages claim against Judge White in his individual capacity is barred by judicial immunity.
 
 
 10
 Finally, De Young's complaint does not state a claim for injunctive relief against Judge White. While it is true that neither the judicial immunity nor the Eleventh Amendment would bar a suit against a judicial officer for prospective injunctive relief, see Pulliam v. Allen, 466 U.S. 522, 541-42 (1984), it is clear that no injunctive relief is called for in this case. De Young alleges that the SCPA violates the Seventh Amendment by denying small claims litigants a jury trial and asks us to declare the statute unconstitutional. However, it is well-established that the right to jury trial in civil cases is not a fundamental aspect of due process and does not apply to state court proceedings. Minneapolis and St. Louis R. Co. v. Bombolis, 241 U.S. 211 (1916). Accordingly, De Young has not stated a claim upon which relief--injunctive or otherwise--can be granted.
 
 III.
 
 11
 For the foregoing reasons, we AFFIRM the judgment of the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 Under the SCPA, a party may appeal an adverse judgment to the district court and is entitled to a trial by jury de novo. See Kan. Stat. Ann. 61-2709(a) and 61-1716