Matt SCHROEDER, Plaintiff,

v.

Glenn KOCHANOWSKI,
et. al Defendants.

No. 03–4108–JAR.

United States District Court,
D. Kansas.

March 31, 2004.

1244

Matt Schroeder, Hunter, KS, pro se.

John P. Woolf, Triplett, Woolf & Garretson, LLC, Sean C. Brennan, Accident Recovery Team PA, Wichita, KS, M. J. Willoughby, Office of Judicial Administration, Stephen O. Phillips, Kansas Attorney General, Topeka, KS, Mark A. Rondeau, Watkins, Calcara, Rondeau, Friedeman, Bleeker, Glendenning & McVay, Chtd., Great Bend, KS, Robert A. Martin, Norton, Wasserman, Jones & Kelly, Salina, KS, Wendell F. Cowan, Jr., Shook, Hardy & Bacon L.L.P., Overland Park, KS, Michael T. Jilka, for Defendants.

## OMNIBUS ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

ROBINSON, District Judge.

This is an action filed by Plaintiff Matt Schroeder pursuant to 42 U.S.C. § 1983, acting pro se, against various judicial officers, prosecutors and law enforcement personnel in their official and private capacities, as well as against other individuals in their private capacities, all arising out of the investigation, arrest, prosecution and acquittal of Plaintiff. Plaintiff's complaint also mentions claims that may be construed as state law causes of action. The 20 defendants have filed motions to dismiss raising a myriad of infirmities in Plaintiff's claims, including personal and subject matter jurisdiction, Eleventh Amendment, statute of limitations, absolute or qualified immunity, and failure to state a claim. For the multiple reasons set forth below, the Court grants each defendant's motion to dismiss. The Court further denies Plaintiff's various Motions to Strike the motions to dismiss, as these motions to strike are in essence a response to defendants' motions to dismiss, and the Court has fully considered the motions to strike as substantive responses. The Court further denies Plaintiff's motion for default judgment against Defendant Dye and denies Plaintiff's motion for sanctions against Robert Martin, who is counsel for Defendants Dye, Tien and Samples.

## PLAINTIFF'S COMPLAINT

In the Complaint, Plaintiff offers an expository on his status as a "real, live, breathing, flesh and bone, thoughtful and Godly man" and his "Notice of Expatriation and Declaration of Independence," in which he declares the right to "expatriate absolutely my res in trust to the foreign jurisdiction known as the municipal corporation of the District of Columbia a democracy, and return to the Kingdom of God or to the Republic." Plaintiff offers a list of definitions of various words and terms, and further provides a "Notice of Foreign Law" and a "Notice of Classified Information," as well as various other notices that seemingly assert his status and legal relationship, if any, to the United States of America. Plaintiff further states that this Court has jurisdiction of this action "[u]nder your Title 28 U.S.C., section 1331 . . . (and) . . . . section 1332."

Plaintiff's Complaint includes a section entitled "Facts of the Case." The Court recognizes that it should construe a pro se litigant's pleadings liberally, with a less stringent standard than pleadings drawn by attorneys;[1] if the pro se plaintiff's complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, it [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[2] "At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."[3] Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint."[4]

---

1. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

2. *Id.*

3. *Id. See Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.1991) ("Despite liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues.")

4. *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997) (citing *Hall*, 935 F.2d at 1110).

With these standards in mind, the Court summarizes Plaintiff's Complaint as follows. In May 2001, Plaintiff went to the Farmers and Ranchers Livestock Commission in Salina, Kansas for the purpose of picking up a check for a man he knew as "Randall Senters." As soon as Plaintiff received the check, he was surrounded by Defendant Henry, who was a detective with the Saline County Sheriff's Office, as well as several other individuals. Defendant Mike Samples, the owner of the Livestock Commission was present and witnessed Defendant Henry tell Plaintiff that he was taking him downtown for questioning. At the sheriff's office, Defendant Henry was joined by Defendant Deines, who was an investigator with the Kansas Brand Inspection Division of Animal Health. Defendants Henry and Deines questioned Plaintiff, using abusive language and demeanor, and refused Plaintiff's request to make a phone call. Plaintiff was placed in the Saline County jail. Defendant Trembley was a "jailer" at that facility and refused Plaintiff's requests for something to eat and for permission to make a phone call. After Plaintiff ate his "cold lunch" and took a nap, Defendant Trembley again refused his request to make a phone call, unless Plaintiff cooperated with the investigating officers.

Later that day, Defendant Bohl, a Norton County Sheriff's deputy, and Defendant Burke, another investigator from the Division of Animal Health, took custody of Plaintiff and transported him to Norton County. Plaintiff was told that the Saline County Attorney would not prosecute him, since charges were to be filed in Norton County. After being transported to Norton County, *Mirandized*[5] again, and refusing to speak or cooperate, Plaintiff was handed a complaint signed by Defendant Thomson, who was the Norton County Sheriff. The complaint charged Plaintiff with possession of stolen cattle. It alleged that Plaintiff, using the alias of Randy Senters, had consigned stolen cattle at the Farmers and Ranchers Livestock Commission.

Plaintiff spent the night in the Norton County jail, suffering from a migraine after his request for medication was refused by the unnamed "jailer." The next morning, Plaintiff was taken before Defendant Brown, the magistrate judge who arraigned him on the Norton County charges. After Defendant Brown set a $2000 bond and allegedly told Plaintiff that he could pay the bond with two $1000 checks, personnel in the Norton County sheriff's office refused Plaintiff's wife's tender of two $1000 checks.

Plaintiff later learned that while he was in jail over three days, Defendant Dougherty, who was the Mitchell County Sheriff, as well as Defendant Burke and others, were on Plaintiff's land, without permission or a search warrant, conducting an investigation. These law enforcement personnel caused Plaintiff's cattle to escape from his pasture, resulting in the death of a calf, the loss of one cow and four other calves, and some trouble rounding the remaining cattle back to his pasture.

After Plaintiff did not appear for a court appearance in front of Defendant Brown, which he attributes to his not getting notice of the hearing, Defendant Brown revoked his bond at the request of Defendant Sebelius, the Norton County Attorney. Defendant Burke testified at the preliminary hearing on the Norton County charges. Plaintiff claims that Defendant Burke's testimony was false and fabricated, and that Burke similarly testified falsely in the jury trial. Defendant Tien, who was the owner of the Norton County Livestock Sales Commission, also

---

5. *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

testified at trial. Plaintiff denied ever being in possession of cattle in Norton County. Plaintiff was acquitted by the jury.

Before the trial, Defendant Sebelius, the Norton County Attorney, had written a letter to the Saline County Attorney urging Saline County to file charges against Plaintiff for receiving stolen property in Saline County, "particularly in light of the fact that my case lacks strong evidence that he possessed the stolen goods in Norton County." After Plaintiff was acquitted, Defendant Sebelius again wrote Defendant Mitchell, the Saline County Attorney, urging her to pursue charges against Plaintiff, and noting that "I anticipated that it would be difficult to convict him in this county due to our inability to place him positively in Norton County on May 10, 2001, the date of the theft."

Thereafter, charges were filed against Plaintiff in Saline County by Defendant Mitchell. Those charges were ultimately dismissed by Defendant Hebert, a judge in Saline County. That dismissal was appealed by Defendant Cunning, an Assistant County Attorney in Saline County. Among the damages that Plaintiff details in his complaint are his charges for the "illegal towing and impound storage charges" for his son's seized truck that he had to pay to Salina Wrecker Service, which is owned by Defendant Dye.

In the body of the Complaint, Plaintiff identifies 15 of the 20 defendants by name: Henry, Samples, Deines, Trembley, Bohl, Burke, Thomson, Brown, Dougherty, Sebelius, Tien, Mitchell, Hebert, Cunning and Dye. However, five defendants, Kochanowski, Engel, Teagarden, Augustine and Meyer are not identified nor mentioned in the body of the Complaint. From their various motions to dismiss, the Court has learned that Defendant Kochanowski was the Saline County Sheriff; Defendant Engel was the Clerk of the Norton County District Court; Defendant Teagarden was an employee of the Kansas Brand Inspection, Division of Animal Health; Defendant Augustine was a Captain in the Saline County Sheriff's office; and Defendant Meyer was the owner of the Sylvan Sales Commission. But in the Complaint, Plaintiff neither mentions these five defendants by name, nor references how they allegedly violated his rights in a way actionable under 42 U.S.C. § 1983.

Plaintiff alleges that the defendants arrested him without a warrant and seized property without a warrant in violation of the Fourth Amendment of the United States Constitution. He further alleges that the defendants violated the Fifth Amendment by arresting him without a warrant, interrogating him without counsel being present, and charging him in two counties for the same conduct, "which can be construed as Double Jeopardy." Plaintiff claims that the defendants violated the Seventh Amendment by coercing Saline County to charge him after he had been acquitted in Norton County, and filing an untimely appeal from the Saline County court's dismissal of the charges.

## DISCUSSION AND ANALYSIS

Singularly or jointly, the defendants filed the following motions to dismiss: Motion to Dismiss by Defendants Thomson, Bohl and Sebelius (Doc. 28); Motion to Dismiss by Defendants Tien and Samples (Doc. 32); Motion to Dismiss by Defendant Dougherty (Doc. 34); Motion to Dismiss by Defendants Brown, Engel and Hebert (Doc. 36); Motion to Dismiss by Defendant Meyer (Doc. 38); Motion to Dismiss by Defendants Cunning, Mitchell, Kochanowski, Henry, Augustine and Trembley (Doc. 41); Motion to Dismiss by Defendants Burke, Deines and Teagarden (Doc. 43); Motion to Dismiss by Defendant Dye (Doc. 60). In response to these motions to dismiss, Plaintiff filed various Motions to

Strike (Docs.64, 65, 73), which the Court has fully considered as substantive responses. While the defendants raise a number of common bases for dismissal, groups of defendants have common issues that others do not. The commonality of issues does not necessarily correspond with the groups of defendants that have filed joint motions to dismiss. For clarity's sake, the Court will attempt to generally set forth common threshold standards of law, then address all or the most critical bases for dismissal, individually, with respect to each defendant.

### Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." [6] This court's jurisdiction is established by the Constitution and acts of Congress.[7] There are two statutory bases for federal subject matter jurisdiction. First, under 28 U.S.C. § 1332, federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exist. Second, under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," or federal question jurisdiction. In addition, if the court has federal question or diversity jurisdiction of some claims, it may exercise supplemental jurisdiction over state law claims.[8]

The Tenth Circuit has commented on the limited jurisdiction of the federal courts and summarized the duties of the district court in considering whether it has jurisdiction to consider a case:

> The Federal Rules of Civil Procedures [sic] direct that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." . . . Moreover, "[a] court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." . . . Nor may lack of jurisdiction be waived or jurisdiction be conferred by "consent, inaction or stipulation". Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.[9]

### Rule 12(b)(6) standards

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief,[10] or when an issue of law is dispositive.[11] The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations,[12] and all reasonable

---

**6.** *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir.1994).

**7.** *See United States v. Hardage*, 58 F.3d 569, 574 (10th Cir.1995) ("Federal courts have limited jurisdiction, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S.Ct. 2099, 2103–04, 72 L.Ed.2d 492 (1982), and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, *id.* at 701–02, 102 S.Ct. at 2103–04, and the Constitution, Article III, Section 2, Clause 1.")

**8.** 28 U.S.C. § 1367.

**9.** *Penteco Corp. v. Union Gas System*, 929 F.2d 1519, 1521 (10th Cir.1991) (citations and quotations omitted).

**10.** *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir.1998).

**11.** *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**12.** *Maher*, 144 F.3d at 1304.

inferences from those facts are viewed in favor of the plaintiff.[13] The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims.[14] It is not the court's function "to weigh potential evidence that the parties might present at trial."[15] The court construes the allegations in the light most favorable to the plaintiff.[16] These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged."[17] Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice.[18] However, as the Tenth Circuit has held, conclusory allegations are insufficient to state a claim for which relief may be granted under 42 U.S.C. § 1983.[19]

### Section 1983

42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 does not create substantive rights. Rather it provides a recovery mechanism for deprivation of a federal right.[20] To establish a cause of action under § 1983, a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law.[21]

### A. Claims against Sheriff defendants

#### Official Capacity Claims

▮ A § 1983 suit against a municipality "and a suit against a municipal official acting in his or her official capacity are the same."[22] A plaintiff suing a local government[23] under § 1983 for the acts of one

13. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).

14. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).

15. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991).

16. *Scheuer v. Rhodes*, 416 U.S. at 236, 94 S.Ct. 1683; *Hall v. Bellmon*, 935 F.2d at 1109.

17. *Associated General Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983) (footnote omitted).

18. *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir.1989).

19. *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir.1981); *see generally, Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 532 (10th Cir.

1998) (reversing district court's denial of a motion to dismiss based upon qualified immunity where Plaintiff had advanced only conclusory allegations that defendants denied him equal protection).

20. *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir.1988).

21. *Id.* (citing *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980)).

22. *Id.* at 695 (citation omitted).

23. The Court disagrees with the Saline County defendants' argument that a county sheriff is a "state official" and thus plaintiff's claim is barred by the Eleventh Amendment. Defendants fail to cite, nor was the Court able to find, Tenth Circuit cases holding that a county sheriff was a state official. *See, e.g., Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d, 1313 (10th Cir.1998) (Section 1983 claims against County Sheriff Department and individual officers).

of its employees must prove: (1) that a local government employee committed a constitutional violation, and (2) that a government policy or custom was the moving force behind the constitutional deprivation.[24] It is well established that a municipality cannot be held liable under § 1983 for the acts of an employee if there is no underlying constitutional violation.[25]

### Individual Capacity Claims

The individual Sheriff defendants also maintain that they are entitled to qualified immunity from Plaintiff's § 1983 claims. The defense of qualified immunity shields government officials performing discretionary functions from individual liability under § 1983 unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."[26] Where a qualified immunity defense is asserted in a Rule 12(b)(6) motion, the court must apply a heightened pleading standard, and require the complaint to contain "specific, non-conclusory allegations of fact sufficient to allow the district court to determine that those facts, if proved, demonstrate that the actions taken were not objectively reasonable in light of clearly established law."[27]

The Tenth Circuit has developed a framework for analyzing claims of qualified immunity: once a defendant pleads qualified immunity, the plaintiff bears the burden of (1) coming forward with sufficient facts to show that the defendant's actions violated a federal constitutional or statutory right and (2) demonstrating that the right violated was clearly established at the time of the conduct at issue.[28] "In order to carry [this] burden, the plaintiff must do more than identify in the abstract a clearly established right and allege that the defendant has violated it. Rather, the plaintiff must articulate the clearly established constitutional right and the defendant's conduct which violated the right with specificity...."[29] The court must first determine whether Plaintiff has alleged a deprivation of a constitutional right; only after determining that plaintiff has alleged a determination of a constitutional right, does this court ask whether the right allegedly violated was clearly established at the time of the conduct at issue.[30]

### 1. Defendant Glenn Kochanowski (Doc. 41)

Defendant Kochanowski is sued in his official and individual capacity, yet is not identified or mentioned in the body of the Complaint. In his motion to dismiss, Defendant Kochanowski identifies himself as the Sheriff of Saline County. By not identifying or alleging facts specific to this defendant, Plaintiff fails to state a claim against Kochanowski in his official capacity. The Court recognizes that as a pro se

**24.** *Myers v. Oklahoma Bd. of County Comm'rs,* 151 F.3d at 1316 (citing *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

**25.** *Id.* (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986)) (per curiam).

**26.** *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

**27.** *Dill v. City of Edmond,* 155 F.3d 1193, 1204 (10th Cir.1998).

**28.** *Baptiste v. J.C. Penney Co.,* 147 F.3d 1252, 1255 (10th Cir.1998) (citing *Clanton v. Cooper,* 129 F.3d 1147, 1153 (10th Cir.1997)); *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir.1995).

**29.** *Romero v. Fay,* 45 F.3d 1472, 1475 (10th Cir.1995) (citations omitted).

**30.** *Baptiste,* 147 F.3d at 1255 n. 6 (citing *County of Sacramento v. Lewis,* 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)).

litigant, Plaintiff's pleadings are to be construed liberally and judged against a less stringent standard than pleadings drawn by attorneys.[31] However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant."[32] For that reason, the court is not to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[33] Thus, the Court does not assume or presume that there are facts supporting a claim against this defendant in his official capacity.

Even if Plaintiff stated an official capacity claim, it would not survive this motion to dismiss. Plaintiff has not made the requisite predicate showing of an underlying constitutional violation against Defendant Kochanowski. Assuming, *arguendo*, such a violation, Plaintiff has not alleged any claim with regard to the second element sufficient to withstand the motion to dismiss. Plaintiff makes no allegations whatsoever that a county policy or custom was the moving force behind the alleged constitutional deprivation. Plaintiff's complaint against Defendant Kochanowski in his official capacity is devoid of any such allegations, and must be dismissed.

Nor does Plaintiff allege any facts that could support a claim against this defendant in his individual capacity. Although Plaintiff asserts misconduct by certain sheriff's office personnel, he does not name this defendant as a person who engaged in any such conduct. Plaintiff thus fails to state a claim against Defendant Kochanowski in his individual capacity, and the claim is dismissed under Rule 12(b)(6).

**2. Defendant Steve Henry (Doc. 41)**

■ Defendant Henry is a detective with the Saline County Sheriff's Office. The Complaint states that Defendant Henry took Plaintiff into custody at the Farmers and Ranchers Livestock Commission, transported him downtown, questioned him in an abusive manner, and refused his request to make a phone call. The Complaint further vaguely alleges that Defendant Henry engaged in some sort of improper behavior during the collection of evidence in the form of a check made out to Plaintiff for allegedly stolen cattle, and participated in the illegal towing of Plaintiff's son's truck. Plaintiff sues Defendant Henry in both his official and individual capacity.

The allegations of illegal towing of a truck, abusive questioning and misconduct in arresting him or taking him into custody simply fail to identify sufficient facts to satisfy the notice pleading requirements of Fed.R.Civ.P. 8(a)(2).[34] Assuming, *arguendo*, that Plaintiff has established that Defendant Henry committed a constitutional violation, the Court holds that Plaintiff has not alleged any claim with regard to the second element to withstand defendant's motion to dismiss. Plaintiff makes no allegations whatsoever that a county policy or custom was the moving force behind the alleged constitutional deprivation. Plaintiff's complaint against Defendant Henry in his official capacity is devoid of any such allegations, and must be dismissed.

With respect to the claim against Defendant Henry in his individual capacity, Plaintiff has also failed to state a claim. Assuming *arguendo*, that Plaintiff states a

---

**31.** *Hall v. Bellmon,* 935 F.2d at 1110.

**32.** *Id.*

**33.** *Drake v. City of Fort Collins,* 927 F.2d at 1159.

**34.** That section provides, "[a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, ..." Fed.R.Civ.P. 8(a)(2).

claim against Defendant Henry in his individual capacity, Plaintiff fails to state a claim with sufficient specificity to overcome Defendant Henry's entitlement to a defense of qualified immunity. Plaintiff has wholly failed to articulate the clearly established constitutional rights that were violated, and the conduct that violated those rights. Merely stating that the defendant participated in an illegal tow of a truck, in an improper procurement of evidence, or in abusive or mean spirited questioning insufficiently describes the conduct and fails to articulate the affected rights.

### 3. Defendant Al Augustine (Doc. 41)

Like Defendant Kochanowski, Defendant Augustine is neither identified, mentioned, nor indirectly referenced in the body of the Complaint. Defendant Augustine has filed a motion to dismiss in which he identifies himself as the Sheriff of Norton County Kansas. For the same reasons addressed in the above section discussing Defendant Kochanowski, the claims against this defendant must be dismissed. As with Defendant Kochanowski, the Complaint fails to state any claim against Defendant Augustine in either his official or individual capacity.

### 4. Defendant Scott Trembley (Doc.41)

Defendant Trembley is a "jailer" for the Saline County Sheriff's office. With respect to the claim against Trembley in his official capacity, the allegation that Defendant Trembley refused Plaintiff's request to eat is inconsistent with Plaintiff's allegation that he received a "cold lunch." Plaintiff's allegations that Defendant Trembley denied his request to make a phone call is too vague and unspecific to establish a constitutional violation. In any

event, the Complaint does not identify the constitutional violation triggered by Trembley's actions. As with the other defendants, the Complaint is devoid of any county policy or custom that was the moving force behind the alleged constitutional deprivation.

With respect to the claim against Defendant Trembley in his individual capacity, Plaintiff also fails to state a claim. Assuming *arguendo*, that Plaintiff states a claim against Defendant Trembley in his individual capacity, Plaintiff fails to state a claim with sufficient specificity to overcome Defendant Trembley's entitlement to a defense of qualified immunity, under the analysis discussed above with respect to Defendant Henry.

### 5. Defendant Troy Thomson (Doc.28)

Defendant Thomson is sued in his individual capacity, and in his official capacity as the Norton County Sheriff. The Complaint does not sufficiently state a claim against him in his official capacity; the only action mentioned in the Complaint is Defendant Thomson's signing of the charges filed in Norton County. There is no allegation of an underlying constitutional violation or a motivating county policy or custom.

Nor does the Complaint state a claim against defendant Thompson in his individual capacity. Even if the conduct complained of was actionable, it would be shielded by qualified immunity, as Plaintiff fails to demonstrate, under the heightened pleading standard that signing the criminal complaint was not objectively reasonable in light of clearly established law. In any event, even if the Complaint could be construed to state a claim of false arrest, it appears the claim would be barred by the two year statute of limitations.[35]

---

**35.** *Johnson v. Johnson County Com'n Bd.,* 925 F.2d 1299, 1301 (10th Cir.1991) (appropriate statute of limitations for § 1983 actions arising in Kansas is two years under K.S.A. 60–513(a)(4)).

### 6. Defendant Scott Bohl (Doc.28)

Defendant Scott Bohl, a deputy sheriff in Norton County is sued in his official and individual capacities. The only conduct attributable to Defendant Bohl is that he and Defendant Burke transported Plaintiff from Saline County to Norton County. The official and individual capacity claims against Defendant Bohl fail for all of the reasons referenced in the above section on Defendant Thomson.

### 7. Defendant Douglas R. Dougherty (Doc. 34)

The caption of Plaintiff's Complaint indicates that Sheriff Dougherty is sued in his official capacity and his individual capacity. In this case, Plaintiff's failure to establish that Sheriff Dougherty violated his constitutional rights precludes a finding of liability against the Mitchell County Sheriff's Department as a matter of law.

 Plaintiff has failed to plead facts sufficient to establish that Sheriff Dougherty violated his Fourth Amendment rights by conducting an illegal search. Schroeder's claim is foreclosed by the open fields doctrine. This doctrine holds that a government official's intrusion upon an open field is not one of those "unreasonable searches" proscribed by the Fourth Amendment.[36] The United States Supreme Court explained the open fields doctrine in *Oliver v. United States*.[37] First, the Court noted that the explicit language of the Fourth Amendment protected "persons, houses, papers, and effects," and did not extend to open fields.[38] Second, the Court observed that since *Katz v. United States*,[39] the touchstone of Fourth Amendment analysis has been whether a person has a "constitutionally protected reasonable expectation of privacy."[40] In light of this analysis, the Court reaffirmed that an individual may not legitimately demand privacy for activities conducted out of doors in fields, except in the area immediately surrounding the home.[41]

 Applying this analysis, the Court concludes that plaintiff has no reasonable expectation of privacy in the pasture in which his cattle were kept. Sheriff Dougherty's entry onto the pasture does not give rise to an unlawful search claim under the Fourth Amendment.[42] Accordingly, the official and individual capacity claims against Defendant Dougherty fail to state an underlying constitutional violation and must also be dismissed.

### B. Claims against Prosecutor defendants

#### 1. Defendant Ellen Mitchell (Doc.41)

Defendant Ellen Mitchell, the Saline County Attorney, is sued in her official and individual capacities. The Complaint states that she received two letters from Defendant Sebelius, the Norton County Attorney, that urged her to file charges against Plaintiff in Saline County. After Plaintiff was acquitted in Norton County, Defendant Mitchell filed charges against Plaintiff in Saline County. There are no

---

**36.** *Oliver v. United States*, 466 U.S. 170, 181, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984).

**37.** *Id.*

**38.** *Id.* at 176, 104 S.Ct. 1735 (quoting *Hester v. United States*, 265 U.S. 57, 59, 44 S.Ct. 445, 68 L.Ed. 898 (1924)).

**39.** 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

**40.** *Oliver*, 466 U.S. at 177, 104 S.Ct. 1735.

**41.** *Id.* at 178, 104 S.Ct. 1735.

**42.** *See U.S. v. Pinter*, 984 F.2d 376, 379 (10th Cir.), *cert. denied* 510 U.S. 900, 114 S.Ct. 273, 126 L.Ed.2d 224 (1993).

other facts asserted in support of the claims against her. By not describing any conduct or constitutional violation by Defendant Mitchell, the Complaint fails to state an official capacity or individual capacity claim, and should be dismissed for that reason. In any event, the official capacity claim primarily fails for jurisdictional reasons.

 First, as the County Attorney for Saline County, Defendant Mitchell is a state official who is not a person who can be sued under § 1983, as the Eleventh Amendment bars suit against her in her official capacity. Applying the two part test dictated by the Supreme Court in *McMillian v. Monroe County, Alabama* [43] establishes that county attorneys in Kansas are state officials. Under Kansas law, county attorneys' duties are dictated by statute:

> Except as otherwise provided in this section, it shall be the duty of the county attorney to appear in any court having jurisdiction within the county and prosecute or defend *on behalf of the people* all actions and proceedings, *civil or criminal*, in which the *state or* the *county* is a party or interested.[44]

The county attorney's duty to prosecute on behalf of the people is undertaken by filing charges on behalf of the State, not on behalf of the county.[45] As the volumes of the Kansas Reports attest, a criminal case is captioned "State v. Name of Defendant." The State is the Plaintiff, and the County Attorney of the jurisdiction in which the case is filed represents the State. Thus, in any criminal case filed by a County Attorney, any actions taken in furtherance of the prosecution are taken on behalf of the State, not the County. Any actions by the county attorney are therefore attributable to the state, such that no liability can be imposed against the county for the county attorney's actions.[46] That attribution of liability to the state means that the county attorney's acts in prosecuting crimes are cloaked with Eleventh Amendment immunity.[47]

 Even if the Eleventh Amendment did not bar the official capacity claim against Defendant Mitchell, the claim would be barred by absolute prosecutorial immunity. The acts complained of, receiving correspondence from another county attorney and filing charges that were later dismissed by a judge, are actions quintessentially within the scope of prosecutorial functions. These actions are thus shielded by the absolute immunity accorded actions that are intimately associated with the judicial process.[48] The availability of abso-

---

**43.** 520 U.S. 781, 785, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997). That test is as follows: (1) is the government official a final policy maker for the local government in a particular area, on a particular issue, and (2) the court's inquiry is dependent on state law.

**44.** K.S.A. 19–702 (emphasis added).

**45.** *See State v. Pruett,* 213 Kan. 41, 45, 515 P.2d 1051 (1973).

**46.** *See McMillian,* 520 U.S. at 793, 117 S.Ct. 1734.

**47.** *See Kentucky v. Graham,* 473 U.S. 159, 169 n. 17, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (citing *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct.

1139, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)) (§ 1983 does not authorize suits for damages against State officials acting in their official capacity). *See also Arnold v. McClain,* 926 F.2d at 967–68 (10th Cir.1991)(district attorney is an arm of the state under Oklahoma law); *Scherer v. City of Merriam,* 2001 WL 789294, *4 (D.Kan.2001) (Johnson County district attorney is state official for Eleventh Amendment purposes).

**48.** *See West v. City of Parsons,* 983 F.Supp. 1027, 1031 (quoting *DiCesare v. Stuart,* 12 F.3d 973, 977 (10th Cir.1993)) ("A prosecutor is entitled to absolute immunity when his activities are intimately associated with the judicial phase of the criminal process.")

lute immunity depends on the nature of the function performed by the prosecutor.[49] Actions performed as an advocate are cloaked with absolute immunity; actions that are administrative or investigatory in nature and function are entitled to only qualified immunity.[50] The Tenth Circuit instructs courts to apply a continuum-based approach to absolute prosecutorial immunity, stating that "[t]he more distant a function is from the judicial process and the initiation and presentation of the state's case, the less likely it is that absolute immunity will attach." [51]

All of the actions mentioned in the Complaint fall within the traditional advocacy function of a prosecutor. Filing charges and corresponding with prosecutors in other jurisdictions about the relative strengths and weaknesses of their respective cases and about the filing parallel or similar charges arising out of the same scheme of conduct is also within the advocacy function of a prosecutor. Prosecutorial immunity is but another basis to dismiss the claims against Defendant Mitchell.

## 2. Defendant Stacie Cunning (Doc. 41)

Defendant Cunning is an Assistant County Attorney for Saline County. The Complaint states only that Defendant Cunning filed an appeal from Judge Hebert's dismissal of the Saline County charges against Plaintiff. Filing an appeal is advocacy, and clearly within the scope of the prosecutorial function. For the same reasons discussed in the above section on Saline County Attorney Mitchell, the claims against Defendant Cunning must be dismissed because they are barred by the

Eleventh Amendment and/or absolute prosecutorial immunity. The Complaint should also be dismissed as failing to state a claim against Defendant Cunning.

## 3. Defendant Douglas Sebelius (Doc. 28)

Defendant Sebelius, the Norton County Attorney, is sued in his official and individual capacities. Like Defendant Mitchell, the Saline County Attorney, Defendant Sebelius is a state official. Thus, the Eleventh Amendment bars suit against him in his official capacity. The Complaint identifies actions that are all prosecutorial in nature and function. Defendant Sebelius corresponded with Defendant Mitchell about the relative strengths and weaknesses of their cases, and he urged Defendant Mitchell to file charges in Saline County, both before and after Plaintiff was acquitted of charges in Norton County. These actions are protected by the absolute prosecutorial immunity accorded actions that are intimately associated with the judicial process, actions of a prosecutor acting in his or her role as an advocate, as discussed above in the section on Defendant Mitchell.

## C. Claims against Judicial defendants

### 1. Defendant Judge Daniel Hebert (Doc. 36)

Defendant Hebert is the Saline County judge who dismissed the Saline County charges against Plaintiff. The Complaint states no other facts concerning this defendant. There are numerous infirmities that

---

**49.** *Kalina v. Fletcher,* 522 U.S. 118, 127, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997).

**50.** See *Buckley v. Fitzsimmons,* 509 U.S. 259, 273–74, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993).

**51.** *Scott v. Hern,* 216 F.3d 897, 908 (10th Cir.2000) (citation omitted).

require dismissal of the Complaint against this defendant.

■ First, this Court lacks personal jurisdiction over Defendant Hebert because there was insufficient process and insufficient service of process pursuant to Fed.R.Civ.P. 12(b)(4) and 12(b)(5). Although the Court's docket sheet reflects that a summons was issued by the Clerk of the Court, the summons did not comply with Fed.R.Civ.P. 4(a), because the summons was a copy that did not bear the seal of the court, and did not state the name and address of the plaintiff. Moreover, service was insufficient under Fed.R.Civ.P. 4(a), because Plaintiff did not personally serve Judge Hebert, but attempted to serve him by merely leaving a copy of the summons with clerical personnel at the courthouse.

■ Even if Plaintiff had accomplished service in accordance with the rules, this action would still be subject to dismissal. The official capacity claims against Judge Hebert are barred by the Eleventh Amendment. As a District Judge in Saline County, Judge Hebert is a State official, whose office was created by the Kansas Constitution Article 3 § 6.[52]

■ Moreover, this action must be dismissed against Defendant Hebert because he is endowed with absolute judicial immunity from civil damage liability for acts performed in his judicial capacity.[53] Because Judge Hebert's dismissal of the Saline County charges was a normal judicial action, and Plaintiff's sole interaction with

Judge Hebert was in his judicial capacity, his actions are cloaked with absolute judicial immunity.[54]

Finally, although Judge Hebert is also sued in his individual capacity, the only allegations in the Complaint concern his dismissal of charges, a judicial action. The Complaint fails to state a claim against him in his individual capacity. And, even if the Complaint stated such a claim, it surely does not state it with the requisite specificity required to overcome a defense of qualified immunity, as discussed above. For these reasons, the Complaint must be dismissed as to this defendant.

## 2. Defendant Wilda June Brown (Doc.36)

■ Defendant Brown is sued in her individual capacity as well as her official capacity, as Magistrate Judge in Norton County. The Complaint must be dismissed against her for all of the reasons outlined above in the section on Defendant Hebert. Process and service of process were accomplished in the same manner and are insufficient for the same reasons, such that there is no personal jurisdiction of Defendant Brown. Defendant Brown is also a state official, as magistrate judges are a class of judges created by Kansas statute,[55] and are authorized to perform judicial functions pursuant to Kansas statute.[56] Thus, the Eleventh Amendment bars suit against Defendant Brown in her personal capacity. The Complaint states no

---

**52.** See K.S.A. 20–301a (1995).

**53.** See Van Sickle v. Holloway, 791 F.2d 1431, 1435 (10th Cir.1986)(affirming dismissal of a pro se action against state judges based upon judicial immunity, citing Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967)); DeYoung v. State of Kansas, 890 F.Supp. 949, 953 (D.Kan.1995), aff'd, 69 F.3d 547, 1995 WL 662085 (10th Cir.1995), cert. denied, 517 U.S. 1236, 116 S.Ct. 1882, 135

L.Ed.2d 177 (1996)(dismissing pro se complaint against district court judge based upon judicial immunity).

**54.** Stump v. Sparkman, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

**55.** K.S.A. 20–301a (1995).

**56.** K.S.A. 20–302b (Supp.2001).

claim against her in an individual capacity. The only actions stated in the Complaint, setting bond and revoking bond, are judicial actions; Plaintiff's only interaction with Defendant Brown was in her capacity as a judicial officer. Defendant Brown's judicial actions are immune from suit. And, judicial immunity is absolute, even if the judicial action was erroneous, and even if the judicial action resulted in injury to Plaintiff.[57]

### 3. Defendant Darla Engel (Doc. 36)

■ Judicial immunity applies not only to judges but also to any person who performs judicial acts or activity as an official aide of the judge.[58] And, although there are no specific allegations against Defendant Engel, the Court presumes that she is sued in her official capacity as the Clerk of the District Court of Norton County. The Court notes that the Complaint does not state any basis for a claim against her in either her official or individual capacity. In any event, a Clerk also performs a judicial function and is thus cloaked with absolute judicial immunity for the performance of official duties.[59]

### D. Claims against Kansas Animal Health defendants

#### 1. Defendant Rudy Deines (Doc.43)

■ This Court lacks personal jurisdiction over Defendant Deines because there was insufficient process and insufficient service of process pursuant to Fed.R.Civ.P. 12(b)(4) and 12(b)(5). Although the Court's docket sheet reflects that summons was issued by the Clerk of the Court, the summons did not comply with Fed.R.Civ.P. 4(a), for the summons was a copy that did not bear the seal of the court and did not state the name and address of the plaintiff. Moreover, service was insufficient under Fed.R.Civ.P. 4(a), because Plaintiff did not personally serve this defendant, but attempted to serve him by merely leaving a copy of the summons with clerical personnel at his place of business. Nor was he served at his "dwelling house." Although the return erroneously states service was made at a "dwelling house," the summons itself is addressed to a business address and was in fact left at an office with clerical personnel. Thus, the attempt at service was insufficient. Summons and complaint must be served upon each defendant.[60] This is insufficient to

---

**57.** *Bradley v. Fisher,* 13 Wall. 335, 80 U.S. 335, 347, 20 L.Ed. 646 (1871); *accord Cleavinger v. Saxner,* 474 U.S. 193, 199–200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). *See also Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)(the fact that the judge may have acted in error or in excess of his jurisdiction did not change results). *See also Lundahl v. Zimmer,* 296 F.3d 936, 939 (10th Cir.2002) (quoting *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), *cert. denied,* 538 U.S. 983, 155 L.Ed.2d 675, 123 S.Ct. 1797 (2003)("Except where a judge has acted 'in the clear absence of all jurisdiction,' the doctrine of judicial immunity shields that judge from liability for the judge's official adjudicative acts.")

**58.** *Henriksen v. Bentley,* 644 F.2d 852, 855 (10th Cir.1981). *See also Lundahl,* 296 F.3d

at 939–40 (finding court clerks entitled to absolute immunity as to their decision to refer plaintiff's applications for entry of default judgment to the judge presiding over the case).

**59.** *See Akbarnia v. Deming,* 845 F.Supp. 788, 790 (D.Kan.1994), aff'd, 49 F.3d 1482 (10th Cir.1995). *See also Cook v. City of Topeka,* 232 Kan. 334, 343, 654 P.2d 953 (1982)[clerks share a judge's absolute judicial immunity from federal civil rights claims where the clerk acts in a quasi-judicial capacity or under court order or under the express direction of the judge.]

**60.** *See* Fed.R.Civ.P. 4(e)(2), or 4(e)(1) (adopting K.S.A. 60–304 with regard to service).

**1258**

meet either Fed.R.Civ.P. 4(e)(2) or 4(e)(1) (adopting K.S.A. 60–304). Under Kansas law, it is insufficient service to leave a summons and petition with a secretary or other clerical personnel.[61] Given the other arguments and immunities expressed in this motion to dismiss, however, granting leave to properly serve would be an exercise in futility.

Defendant Deines is sued in his individual capacity, as well as in his official capacity, as an employee of the Brand Inspection Division of the Kansas Animal Health Department. The Complaint states that Defendant Deines, along with Defendant Henry, questioned Plaintiff with abusive language and demeanor, and refused Plaintiff's request to make a phone call. Defendant Deines is a state official. He is an employee of the Kansas Animal Health Department, whose duties are created by Kansas statute.[62] Thus, Plaintiff's official capacity claim against Defendant Deines is barred by the Eleventh Amendment, for the same reasons addressed above.

With respect to the claim against Defendant Deines in his individual capacity, Plaintiff also fails to state a claim. The allegations are too vague and unspecific to establish a constitutional violation, or a violation of state law. Assuming *arguendo*, that Plaintiff states a claim against Defendant Deines in his individual capacity, Plaintiff fails to state a claim with sufficient specificity to overcome Defendant Deines's entitlement to a defense of qualified immunity, and the heightened pleading standard it demands, as discussed above.

Although Investigator Rudy Deines was allegedly present during some of the questioning, his mere presence is not sufficient to create liability.[63] Further, the only statements Plaintiff attributes to Deines are: "Sir, you need to cooperate with us," and "what is your name?" At the time those statements were allegedly made by Deines, Plaintiff has not alleged that he had already asked for an attorney. At any rate, there is nothing about those two statements by Deines which would violate Plaintiff's constitutional rights.

## 2. Defendant Greg Burke (Doc.43)

Process and service of process was effected the same way as with respect to Defendant Deines. Thus, there is no personal jurisdiction of this defendant. Like Defendant Deines, Defendant Burke is a state official, an employee of the Kansas Brand Inspection, Division of Animal Health. As such, he is a state official; and the Eleventh Amendment bars suit against him in his official capacity.

Although he is sued in his individual capacity, that claim fails as well. The Complaint fails to identify his actionable conduct with any specificity, nor does it identify the constitutional or state law violated by his action. The Complaint states that Defendant Burke, along with Defendant Bohl, transported Plaintiff from Saline County to Norton County. The Complaint states that Defendant Burke had been on Plaintiff's property and brand inspected his cattle, and testified at the preliminary hearing and jury trial. The Complaint states that Defendant Burke's testimony was false, fabricated and

---

**61.** *See, e.g., Haley v. Hershberger,* 207 Kan. 459, Syl. ¶ 3, 485 P.2d 1321 (1971)(holding an attempt at service by leaving a summons with a secretary at a place of business is insufficient service).

**62.** K.S.A. 47–414, *et seq.*

**63.** *Jenkins v. Wood,* 81 F.3d 988, 994 (10th Cir.1996) (defendant's personal participation is a required element of a Section 1983 claim; a KBI agent's mere presence during a raid by the Topeka Police Department was not a basis for liability).

fraught with inconsistencies. Defendant Burke's testimony tied the cattle consigned by "Randall Senters" to cattle stolen in Norton County, and further tied some of the cattle to Plaintiff. To the extent the Complaint identifies a state law claim arising from giving false testimony, such a claim fails for two reasons. First, there is no subject matter jurisdiction, because there is no diversity between the citizenship of Plaintiff and Defendant Burke.[64] Second, like Defendant Tien, discussed *infra,* Defendant Burkes' testimony in a criminal proceeding is protected by witness immunity.[65]

### 3. Defendant George Teagarden (Doc. 43)

Other than the reference to him in the caption, there are no factual allegations in the Complaint as to Defendant Teagarden, another employee of the Kansas Brand Inspection, Division of Animal Health. Plaintiff has failed to state a claim against this defendant. Further, process and service of process was effected the same way as with respect to Defendant Deines. Thus, there is no personal jurisdiction of this defendant.

### E. Claims against Individual defendants

Plaintiff's complaint appears to raise both federal and state law claims against the individual defendants, invoking federal question jurisdiction as well as diversity jurisdiction, or alternatively, supplemental jurisdiction. The Court has previously dismissed the federal question claims against the other defendants on Plaintiff's § 1983 claims. As addressed further below, the Court also dismisses Plaintiff's

§ 1983 claims against the individual defendants. Further, Plaintiff fails to establish diversity jurisdiction of any purported state law claims. Absent federal question or diversity jurisdiction, the Court may not exercise supplemental jurisdiction over state law claims.[66] With those standards in mind, the Court discusses the claims against each individual defendant.

### 1. Defendant Toby Meyer (Doc. 38)

Defendant Toby Meyer is identified as the owner of Sylvan Sales Commission, where Plaintiff sold 16 calves that were allegedly stolen. Checks issued by Sylvan Sales Commission were seized by Saline County Sheriff's officers. Defendant Meyer is sued in his individual capacity. The Complaint does not otherwise describe what conduct Defendant Meyer engaged in that is actionable under § 1983. Lacking any specificity as to the actionable conduct, and failing to state the constitutional violation inherent in any such conduct, this action must be dismissed for failure to state a claim.

But, this action must be dismissed for a preeminent reason; there is no subject matter jurisdiction. Plaintiff alleges both federal question and diversity jurisdiction. Federal question jurisdiction by virtue of § 1983 does not lie as to this defendant who is not a state official, or person acting under the color of law subject to suit under § 1983. Accordingly, to the extent there are other claims against this defendant, such as state law claims, Plaintiff must establish a separate jurisdictional basis. Plaintiff fails to establish such a basis.

---

64. 28 U.S.C. § 1332.

65. *Briscoe v. LaHue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).

66. 28 U.S.C. § 1367(a) (before a court can exercise supplemental jurisdiction over a cause of action, the court must first have original jurisdiction over a claim that is closely related to the state law claim at issue).

Plaintiff brings this action under 42 U.S.C. § 1983 claiming violations of the United States Constitution, thus invoking federal question jurisdiction. Plaintiff also asserts diversity jurisdiction, but it is clear from the complaint that Plaintiff and all of the defendants are citizens of Kansas, such that diversity jurisdiction does not lie. Plaintiff lists his address as Hunter, Kansas. Despite Plaintiff's unintelligible declarations of his status and citizenship, it is evident from the Complaint that he resides in and makes his domicile in Kansas, as do the defendants.[67]

### 2. Defendant Clarence Tien (Doc. 32)

Defendant Tien, the owner of the Norton County Livestock Sales Commission, is sued in his individual capacity. The only salient fact asserted in the Complaint is that he testified in the jury trial of Plaintiff that the man who bought the cattle was not the same individual who picked up the cattle and passed the bogus check to the sales barn. Like Defendant Meyer, there is no federal question jurisdiction, for Defendant Tien is not a state official or person who can be sued under § 1983 and his action did not constitute official governmental action. Like Defendant Meyer, Defendant Tien is a citizen of Kansas and thus there is no diversity jurisdiction. Thus, this action must be dismissed for lack of subject matter jurisdiction.

 Moreover, even if there was jurisdiction, the Complaint, while identifying the conduct complained of, does not state the nature of the constitutional violation; nor does the Complaint state any state law

cause of action arising out of the conduct. Furthermore, even if a state law claim were stated, if the claim is based on false or misleading testimony, Defendant Tien would be protected by the doctrine of witness immunity. The Supreme Court has held that a witness in a criminal proceeding is absolutely immune for his testimony.[68] Moreover, if the state claim was defamation, it appears to be barred by the two year statute of limitations under Kansas law.[69]

### 3. Defendant Mike Samples (Doc. 32)

Defendant Mike Samples, the owner of the Norton County Livestock Sales Commission is sued in his individual capacity. He is not a state or governmental employee or official and the Complaint neither states a constitutional violation, nor state law claim attributable to him. The Complaint does not identify the actionable conduct of Defendant Samples. All that can be gleaned from the Complaint is that this defendant was present when Defendant Henry took Plaintiff into custody. For these reasons, the Complaint must be dismissed for failure to state a claim.

However, a preeminent reason to dismiss this action is that there is no subject matter jurisdiction. Plaintiff states no claim against this defendant for which there is federal question jurisdiction.[70] And, there is no diversity jurisdiction of any state law claim, because Plaintiff and Defendant Samples are both citizens of Kansas.[71]

---

**67.** *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274(1978)(stating that diversity jurisdiction requires that each defendant be a citizen of a different State from each plaintiff).

**68.** *Briscoe v. LaHue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).

**69.** K.S.A. 60–513.

**70.** 28 U.S.C. § 1331.

**71.** 28 U.S.C. § 1332.

4. **Defendant Bill Dye (Doc. 60); Plaintiff's Motion for Default Judgment against Defendant Bill Dye (Doc. 63) and Motion for Sanctions against Robert Martin (Doc. 62)**

Defendant Dye is only referenced by name in said Complaint at Paragraph 99, which reads as follows:

> The Saline County Sheriff's office at the direction of Detective Steve Henry had my son's pickup truck illegally towed without reason, cause, or warrant to the Sheriff's Department and again to an impound yard where my son and I had to pay for the illegal towing and impound storage charges at The Salina Wrecker Service in which the owner is Bill Dye.

This action was alleged to have taken place on May 15, 2001.

Plaintiff has also failed to state a claim against Defendant Dye. The references to the specific Defendant indicates only limited contact or interaction by Defendant Dye. Specifically, Defendant Dye is only claimed to have towed and stored Plaintiff's son's vehicle after Plaintiff was arrested. There is no claim that this Defendant took an action against Plaintiff personally. Further, there is no indication that Plaintiff has standing to sue this Defendant on his son's behalf. In reviewing the scant facts provided by Plaintiff regarding Defendant Dye, the Court is unable to determine any claims for libel, fraud or otherwise against him given his particular actions as presented by Plaintiff in his Complaint. None of the claimed actions fall under the claimed theories. Further, if Plaintiff is claiming conversion of his son's vehicle and aside from the failure of standing issue, that claim is already barred by the statute of limitations, as over two years have passed by Plaintiff's own admission from May 15, 2001 until the date of filing of the Complaint, May 23, 2003.[72]

Plaintiff moves for default judgment against defendant Bill Dye for the untimely filing of his response to plaintiff's Complaint. Fed.R.Civ.P. 55(a) provides for the entry of default judgment in certain circumstances, including a party who fails to plead or otherwise defend as provided by these rules. However, the operative rule for responding to a Complaint, namely Fed.R.Civ.P. 12(a)(1), provides that the defendant shall file their answer within twenty (20) days *after being served with the Summons and Complaint*.[73] As noted below, it is uncontroverted that Defendant Dye has as of this date yet to be served with the Summons and Complaint by the Plaintiff.

The timing for the filing of a responsive pleading, such as a Motion to Dismiss in this case, is the same as an answer, namely twenty (20) days.[74] Hence, this motion, like the Plaintiff's other motions, is without merit as Defendant Dye was never served.

Plaintiff also moves for sanctions against Robert Martin, counsel for defendant Dye, because "being learned in the Law and the Court Rules and being admitted to practice before this Court should have Known he was out of time to properly respond to the Plaintiff's Complaint." Defendant Dye denies any wrongdoing that would constitute a sanction on either his part or on the part of his attorney.

Fed.R.Civ.P. 11(c)(1)(a) states, in pertinent part,

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the

---

**72.** K.S.A. 60–513.

**73.** Fed.R.Civ.P. 12(a)(1) (emphasis added).

**74.** *Id.*

specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion or such other period as the court may prescribe, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award attorney's fees incurred in presenting or opposing the motion.

Defendant asserts that Plaintiff's motion for sanctions is untimely and does not otherwise comply with the Rule 11. The Court agrees. Rule 11 sets forth mandatory requirements that a moving party must comply with before a court is permitted to order sanctions.[75] The moving party must serve the motion on the opposing party.[76] If, after twenty-one days, the opposing party does not withdraw the challenged paper, claim, defense, contention, allegation, or denial, the moving party may file its motion for sanctions with the court.[77] Plaintiff's failure to comply with the so-called "safe harbor" provisions of Rule 11 thus bars his claim for sanctions.

Assuming, *arguendo*, that Plaintiff had complied with Rule 11, his motion fails on the merits. As with the other rules and cases cited by the Plaintiff, the rules cited in this section do not support his contentions. As outlined earlier, Fed.R.Civ.P. 4 was not complied with by the Plaintiff as he failed to properly serve Defendant Dye. Local Rules 6.1 and 15.1 do not apply as Defendant Dye has not requested or filed any Motion to File Out of Time because this Defendant was not in fact out of time to file a response. It is apparent that Plaintiff does not comprehend that the time has not started to run for the filing of responsive pleadings by Defendant Dye to Plaintiff's Complaint.

Finally, the Court notes that Defendant Dye requests his reasonable attorney's fees incurred in opposing this motion as allowed by Fed.R.Civ.P. 11(c)(1)(A). This request is denied. Although the Court can certainly understand defendant's frustration with replying to the myriad of Plaintiff's motions, it is loathe to continue the path of satellite litigation inevitable under Rule 11, and ends the matters here.

**IT IS THEREFORE ORDERED BY THE COURT** that the Plaintiff's:

Motion for Sanctions Against Robert Martin (Doc. 62) is DENIED;

Motion for Default Judgment Against Dye (Doc. 63) is DENIED;

Motion to Strike (Doc. 64) is DENIED;

Motion to Strike (Doc. 65) is DENIED;

Motion to Strike (Doc. 73) is DENIED.

**IT IS FURTHER ORDERED BY THE COURT** that the:

Motion to Dismiss by Defendants Thomson, Bohl and Sebelius (Doc. 28);

Motion to Dismiss by Defendants Tien and Samples (Doc. 32);

Motion to Dismiss by Defendant Dougherty (Doc. 34);

Motion to Dismiss by Defendants Brown, Engel and Hebert (Doc. 36);

Motion to Dismiss by Defendant Meyer (Doc. 38);

Motion to Dismiss by Defendants Cunning, Mitchell, Kochanowski, Henry, Augustine and Trembley (Doc. 41);

Motion to Dismiss by Defendants Burke, Deines and Teagarden (Doc. 43); and

---

**75.** Fed.R.Civ.P. 11(c)(1)(A); *see also Aero-Tech, Inc. v. Estes,* 110 F.3d 1523, 1528–29 (10th Cir.1997).

**76.** *Id.*

**77.** *Id.*

Motion to Dismiss by Defendant Dye (Doc. 60) are GRANTED and this case is dismissed WITH PREJUDICE.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to Respond (Doc. 54) and Defendants' Motion for Extension of Time to File Response (Doc. 70) are DENIED as moot.

IT IS SO ORDERED.